Edward F. von Wettberg, III, Wilmington, Del., for co-owners.

**In re ALISA PARTNERSHIP, Debtor.**

**Bankruptcy No. 80–203.**

United States Bankruptcy Court,
D. Delaware.

June 19, 1981.

## MEMORANDUM DECISION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

I have been asked to interpret subsection (i) of 11 U.S.C. § 363. In the context of this case, subsection (i) would read:

> Before the consummation of a sale of property to which subsection (g) or (h) of this section applies * * * a co-owner of such property * * * may purchase such property at the price at which such sale is to be consummated.

Thus, we are compelled not only to consider subsection (i) but also subsections (g) and (h) which give considerable powers, not previously had, to a trustee. The legislative history reflects that it was the Congressional intent to provide a means for obtaining the maximum benefit possible for the debtor's estate while also providing protection for co-owners by way of right of first refusal. There are no rules setting forth how this intent is to be accomplished.

Here, the trustee wishes to sell at public auction free and clear of liens real estate designated as an industrial park. He contends that the co-owners should be treated as any other individual coming to bid at a public sale, that the co-owners can accomplish the right of first refusal by bidding in

the property at $1 over the highest bid and complying with the published terms of sale.

The co-owners argue that they have up to the confirmation of sale, which historically in bankruptcy cases dealing with real estate, has meant delivery of the deed and that they should not be required to make any deposit. There is nothing to indicate that there was any intent to change the previous law with respect to the meaning of "consummation of sale".

In oral argument, the trustee has pointed out the problem that could arise following the contention of the co-owners to its extreme possibilities. That is, the date of settlement arrives, at the settlement table the trustee with extended hand holds the deed about to be placed in the hands of the sale's highest bidder when in dashes the co-owner and grabs the deed shouting, "I am exercising my right of first refusal". Congress could not have intended this to happen and in fact did not say it. A close look at the statute reveals it does not say that *at any time* before the consummation of sale the co-owner has this right. It says, and I paraphrase, that before the consummation of sale the co-owner may exercise this right at the price the sale is to be consummated.

It suggests and it is reasonable to conclude that what Congress intended is that a procedure be followed that is fair and reasonable to the estate, the highest bidder and to the co-owner based upon the fact situation and to consider custom and practice with respect to the type of sale. In considering the type of property to be offered for sale in this case, it seems appropriate and I ORDER:

1. That the trustee give notice to creditors and the general public of the proposed sale of real estate at public auction in the manner customarily followed under the Bankruptcy Act and consistent with custom in the community.

2. That the sale be advertised as being subject to the co-owners' right of first refusal to be exercised in writing and served upon the trustee on or before 12 noon August 24, 1981.

3. That the co-owners are not required to deposit any funds with the trustee upon exercising the right to purchase but are subject to the remaining terms of sale.