**In re ALISA PARTNERSHIP, Debtor.**

**Howard M. BERG and Sandra F. Berg, Plaintiffs,**

**v.**

**Patrick SCANLON, Trustee of Alisa Partnership and Verino Pettinaro, Defendants.**

**Bankruptcy No. 80–203.**
**Adv. No. 81–70.**

United States Bankruptcy Court,
D. Delaware.

Dec. 9, 1981.

Eduard F. von Wettberg, III, Wilmington, Del., for plaintiffs.

Patrick Scanlon, Dover, Del., trustee of Alisa Partnership.

David Roeberg, Wilmington, Del., for Verino Pettinaro.

## TRANSCRIPT OF DECISION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

The parties are in agreement as to the sequence of events and their content following Mr. Pettinaro's highest bid at the trustee's public sale of the Delaware Interstate Industrial Park on August 13, 1981. I shall start my discussion from the time of the memorandum decision and order of June 19. 14 B.R. 54 (Bkrtcy.).

Under § 363 of title 11, Congress gave trustees a broad power to sell property of an estate and provided for the safeguarding of interests other than those of the bankruptcy estate. This section clearly indicates that the manner of sale is within the discretion of the trustee and that any such sale is not a judicial sale as was the case under § 70 of the Bankruptcy Act.

Here, the trustee determined to sell the property at public auction. After notice of his intent to do so and because of the co-owner's objection to the trustee's proposed manner in which the co-owner was to exercise his right of first refusal, this court entered the June 19 order which provided a procedure that at the time appeared fair and reasonable to the highest bidder, the co-owner and the estate.

The court in an attempt to comply with the Congressional intent of keeping judges out of the administrative aspect of bankruptcy cases may have erred in not being more specific. The peculiar events occurring on and after August 13 have proven the fallibility of paragraph 2 of that order.

As I stated in the June 19 memorandum decision, the legislative history reflects that Congress intended to provide a means for obtaining the maximum benefit possible for the debtor's estate while also providing protection for co-owners by way of right of first refusal. Inadequacy of price was not raised in the pleadings but this court is not going to ignore what has become abundantly clear from trial through argument and that is that the amounts of $380,000 and

$410,000 are grossly inadequate. There is no contract for the sale of the property at $475,000 but the fact that such offer was made leaves no question but that it would be inequitable to permit either Mr. Berg or Mr. Pettinaro to obtain the benefit each is seeking at the expense of the bankruptcy estate.

Consequently, IT IS ORDERED THAT:

1. The public sale held August 13, 1981 is set aside.

2. The trustee is instructed to resell the property.

3. If the trustee and co-owner are unable to agree in writing as to how the right of first refusal is to be exercised within 10 days after the trustee has exercised his discretion as to the manner of sale, then the sale shall be subject to the co-owner's right of first refusal to be exercised in writing and served upon the trustee within 10 days of the signing of a contract for sale.