**In re Ella FEHL, Debtor.**

**Bankruptcy No. 3–81–2097–JR.**

United States Bankruptcy Court, N. D. California.

April 2, 1982.

Robert E. Izmirian, Hoffman, Kelly, Stokes & Izmirian, for Edward F. Towers, trustee.

Lynn Anderson Koller, Emeryville, Cal., for debtor.

Paul H. Roskoph, Ream, Frain, Horning, Ellison & Roskoph, Palo Alto, Cal., for executrix.

Edward A. Weiner, Pillsbury, Madison & Sutro, San Francisco, Cal., for Bell Industries.

Barbara Gordon, Howard, Rice, Nemerovski, Canady & Pollak, San Francisco, Cal., for ESD Corp.

### OPINION AND ORDER

JACK RAINVILLE, Bankruptcy Judge.

I. The vexatious history in this court relating to the sale of the real property located at 2360 Zanker Road in San Jose, California unfolds as follows:

On November 19, 1981, while debtor was the debtor-in-possession, a notice was filed of a hearing on debtor-in-possession's return of sale scheduled for January 21, 1982. This proposed sale was for $3.1 million with only $400,000 in cash.

Subsequently, after this court had granted a motion by creditors Westinghouse Electric Corporation and Thomas R. Domeno for the appointment of a trustee based mainly upon the various conflicts of interests of the debtor-in-possession, the newly appointed trustee on January 21, 1982 had his request granted that the debtor-in-possession's return of sale be taken off calendar. There was no objection by anyone. On January 27, 1982, a hearing was held on the complaint for authority to sell real property free and clear of liens, encumbrances and interest and the trustee's motion for court authorization of the sale of the subject real property pursuant to section 363(h) of the Bankruptcy Code was granted. The court in its conclusions of law filed in Adversary Proceeding No. 3–81–0623–JR February 8, 1982 said in part:

3. Notwithstanding the objection to sale raised by Ella Fehl, as Executrix of the Probate Estate, this Court has jurisdiction over the Property and is empowered to order its sale pursuant to Section 363(h) of the United States Bankruptcy Code.

4. The interest of the Probate Estate is further protected by operation of Section 363(i) of the United States Bankruptcy Code authorizing and allowing the co-owner to purchase the property at the price at which a sale is to be consummated.

Pursuant to the authority granted by the court's order on February 8, 1982, the trustee conducted a sealed bid auction sale of the subject real property soliciting offers from potential purchasers who had originally expressed interest in the property. The notice of sale did not make reference to the exercise of section 363(i) rights in the estate of Ella Fehl's deceased husband.

The sealed bids were opened in accordance with the trustees notice of sale on February 5, 1982 and there were three bids as follows: 1) bid of SBC&D Co., Inc. in the amount of $3,100,000; 2) the bid of Bell Industries, Inc. ("Bell") in the amount of $3,225,000; and 3) the successful bid of ESD Corporation ("ESD") in the amount of $3,455,000. The hearing to confirm the sale to ESD was set for March 8, 1982.

On March 3, 1982, acting in her capacity as the executrix of her husband's estate, Ella Fehl, the debtor herein, filed a notice with this court of her intention to exercise the right of first refusal accorded to co-owners pursuant to Bankruptcy Code section 363(i). This was pursuant to an agreement with Bell that if the executrix—debtor exercised such right of first refusal on behalf of the probate estate Bell would in turn purchase said property from the probate estate for the sum of $3,600,000, thus effectuating a profit of $145,000 for the probate estate. Prior authorization to exercise the right of first refusal was granted to the executrix by the Santa Clara County probate court.

Objections to this exercise of the right of first refusal were filed by the successful high bidder ESD and by the trustee on March 3, 1982. Coldwell Banker and Company filed its statement in support of the trustee's objections on March 3, 1982, and Bell, the second highest bidder in the trustee's sale, filed its memorandum in support of the exercise of the right of first refusal on March 5, 1982, candidly admitting to the court that in the exercise of its business acumen it had withheld its highest bid in the sale process and then arranged the contract with the debtor in her capacity as the executrix of her husband's estate. As counsel for Bell stated in open court, his client would get a "second bite at the apple," by acquiring the property for the figure that it was willing to pay for the property, to wit: the sum of $3,600,000.

In deciding whether or not to confirm the sale of ESD or to allow the section 363(i) rights of the executrix to prevail, the court is obliged to take into its consideration the following factors:

1. The integrity of the trustee's sale.

2. The 363(i) rights of the co-tenant.
3. The preservation of the best interests of the estate.

■ II. (1) It is apparent to the court that the notice of sale given by the trustee in its invitation for sealed bids did not adequately set forth all of the factors that would result, to the highest extent possible, in a trouble-free sale. The court by this observation intends no censure of the trustee nor his attorney, but simply observes that in retrospect the notice was inadequate and, particularly so because it did not delineate to potential buyers the cotenant's rights under Bankruptcy Code section 363(i); nor did it make any provisions for the manner or the time within which such right could be exercised. This is quite understandable in view of the fact that the code section itself is silent in these respects. This problem probably could have been addressed by motions to the court for its ruling. However, the problem is in the court's hands now and the court will make provisions accordingly. (2) With respect to the best interest of the estate it is certain that the sale procedure generated an inadequate price for the real property. The actions of Bell in negotiating with the executrix of the estate of Arnold Fehl demonstrate an immediate inadequacy of price amounting to the difference between the bid of ESD and the offer by Bell to pay the estate of Arnold Fehl a sum of $3,600,000. There is further inadequacy demonstrated by the contract entered into between the executrix of the estate of Arnold Fehl and Bell Industries. A rider to that agreement provides that in the event the trustee chose not to seek confirmation of this sale to ESD (and impliedly if this court refused to confirm the sale to Bell in the manner negotiated by Bell and the executrix) Bell would go as high as $3,750,000 for the property. Though the court would be reluctant to disturb a trustee's sale under ordinary circumstances for mere inadequacy of price (presuming that the sale procedure was fair), under the circumstances that exist in this case and in view of the difficulties created by leaving the rights under Bankruptcy Code section 363(i) unattended to,

the inadequacy of price compels the court to neither confirm the sale to ESD nor to give countenance to the exercise of the 363(i) right by the executrix. This is the holding in *In Re Alisa Partnership*, 5 CBC 2d 967, 15 B.R. 802 (Bkrtcy.D.Del.1981), also in the *Matter of Cada Investments, Inc.*, 664 F.2d 1158 (9th Cir. 1981).

■ III. The unfairness of the result to a successful bidder at the trustee's sale, ESD, is a further consideration in reaching these conclusions. In fairness to ESD and the integrity of the trustee's sale the court would confirm the sale to ESD regardless of the inadequacy of the price. But the rights granted to the co-tenant under Bankruptcy Code section 363(i) must also be protected.

Therefore, the court makes the following order:

1. The confirmation of the sale to ESD Corporation is denied.

2. The confirmation of the sale to Bell Industries is denied and the previous attempt to the exercise of Bankruptcy Code section 363(i) rights by the executrix of the estate of Arnold Fehl is declared void.

3. The trustee shall conduct a new sale. The notice of sale shall, in addition to the matters previously included, contain provision that the sale shall be returned to court for confirmation and shall be subject to overbid in open court; that the notice of sale shall advise prospective bidders that any sale is subject to the right of the executrix of the estate of Arnold Fehl to exercise the right of first refusal granted by Bankruptcy Code section 363(i) and that any rights exercised pursuant to that code section will be exercised in open court on the occasion of the return of sale and if not so exercised at that hearing, shall be deemed waived at that time.