**In re KEN JOHNSON TOYOTA, LTD., Debtor.**

**Bankruptcy No. 83–00466.**

United States Bankruptcy Court, D. South Carolina.

Aug. 10, 1983.

David R. Duncan, Rock Hill, S.C., for trustee.

W. Duvall Spruill, Columbia, S.C., for creditor.

J. BRATTON DAVIS, Bankruptcy Judge.

THIS MATTER comes before the court on the objection of Car-Nett, an unsecured creditor, to a proposed sale by the trustee. The objection is two-fold: (1) that Car-Nett owns the computer hardware leased to the debtor which the trustee proposes to sell; and (2) that the trustee's proposed sale is not commercially reasonable.

## DISCUSSION AND ORDER

The debtor's predecessor in interest leased, commencing April 1, 1981, certain computer hardware from Car-Nett for the sum of Six Hundred Forty Eight and 00/100 ($648.00) Dollars per month. The debtor, after purchasing the business, continued the lease payments. The trustee concedes that this is leased property and the lease agreement is a true lease.

S.C.Code § 27–23–80, (1976) provides:

"Every agreement between the vendor and vendee or the bailor and bailee of personal property whereby the vendor or bailor shall reserve to himself any interest in the property shall be null and void as to subsequent creditors (whether lien creditors or simple contract creditors) or purchasers for a valuable consideration without notice unless such agreement be reduced to writing and recorded in the manner provided by law for the recording of mortgages."

The Uniform Commercial Code, as adopted in South Carolina, abolishes the various types of security instruments, including chattel mortgages, required for evidencing security interests in personal property, and requires the filing of financing statement. *See In re Bazen* 425 F.Supp. 1184 (D.S.C. 1977) Aff'd Mem. 571 F.2d 574 (4th Cir. 1978).

The South Carolina Attorney General has stated,

"The purpose of [§ 27–23–80] is to give notice to creditors of the lessee that the lessee does not own the property. This was to be done just as if the lease were a chattel mortgage. This policy can be continued under the present law only by filing a financing statement pursuant to Article 9, just as if a lease were a chattel mortgage. It should always be noted in Item 4 of U.C.C. Form 1 that the agreement which the statement covers is a lease. It is the opinion of this office that such a procedure is the proper method of complying with [§ 27–23–80] 1970–71 Op. Atty.Gen., No. 3201 at 182 (Oct 18, 1971). *In re Bazen* 425 F.Supp. 1184 (D.S.C.1977)

This court has held that when there is a failure to record properly the rental agreement, the trustee in bankruptcy has superior rights to those of the lessor pursuant to 11 U.S.C. § 544(a).[1] *C.C. Vaughn and Sons, Inc. -v- Anderson (In re South Atlantic Packers Association, Inc.),* Case 81–01417, Complaint 81–0823 (Bankr.D.S.C. June 28, 1982).

Here the trustee, having superior rights to the hardware, is entitled to sell it as property of the estate.

---

1. 11 U.S.C. § 544(a) states:
    (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
    (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists;

    (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; and
    (3) a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.

## II

Now this court must decide whether the sale, as proposed, is reasonable. The Bankruptcy Code provides, "[t]he trustee shall— (1) collect and reduce to money the property of the estate for which such trustee serves ..." 11 U.S.C. § 704(1).

"In a liquidation case the success or failure of the effort may largely depend upon the commercial and managerial skill with which the sale of the debtor's assets is handled. Under the Code the trustee in a liquidation or rehabilitation case will have ample administratrive flexibility in the conduct of sales ... the ultimate purpose will be to obtain the highest aggregate bid."

2 *Collier on Bankruptcy,* ¶ 363.03[1] (15th Ed.1979).

While "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate", 11 U.S.C. § 363(b), the Bankruptcy Code does not fix the method of sales of property of the estate.

The testimony of the debtor's attorney and that of an officer of one of the secured creditors indicate that all attempts during the previous Chapter 11 proceeding to sell the business as a whole failed to materialize.

The debtor, prior to the conversion of this case to one under Chapter 7 of the Bankruptcy Code, entered into a buy-sell agreement with another party. The debtor's franchise was cancelled by Southeast Toyota, Ltd., and the agreement was revoked. Thereafter, two (2) other parties contacted Southern Bank and Trust Company, the debtor's largest secured creditor, concerning the purchase of all of the debtor's property. No agreement was ever reached as a result of the negotiations.

The Uniform Commercial Code allows the public sale of resold or repossessed goods (in the case of repossession or resale by a seller of the goods) with fewer restrictions than permitted on a private sale. *See S.C.Code* § 36–9–504(3) and § 36–2–706 (1976).

It has been stated by one court that: "Under § 363 of title 11, Congress gave trustees a broad power to sell property of an estate and provide for the safeguarding of interests other than those of the bankruptcy estate. This section clearly indicates that the manner of sale is within the discretion of the trustee ..." *Berg -v- Scanlon (In re Alisa Partnership),* 15 B.R. 802 (Bkrtcy.D.Del.1981). No abuse of the trustee's decision to sell the computer hardware at public sale has been shown.

For the reasons stated above, the objection to the trustee's notice of sale should be overruled.

AND IT IS SO ORDERED.