423 P.2d 985

Kenneth A. HERON, Plaintiff-Appellant,

v.

Kate CONDER (aka Mrs. George Conder, Sr.), Defendant-Appellee.

No. 8145.

Supreme Court of New Mexico.

Feb. 20, 1967.

Kenneth A. Heron, pro se.

Standley, Kegel & Campos, Santa Fe, for appellee.

## OPINION

HENSLEY, Chief Judge, Court of Appeals.

This is an action to quiet the title to an eighty acre tract of land in Rio Arriba County. It involves the same lands, has the same plaintiff and one of the defendants that appeared in Heron v. Smith, 75 N.M. 375, 404 P.2d 856. The earlier case was for forcible entry and detainer.

The plaintiff in the instant case based his claim of ownership upon a tax deed, on adverse possession under color of title of the tax deed, payment of taxes, and for the length of time as provided in § 23-1-21, N.M.S.A. 1953. One of the defendants, Mrs. George Conder, Sr., who will also be referred to herein as Kate Conder, counterclaimed and sought to have her title quieted and set at rest. From a decree in favor of the counterclaimant the plaintiff appeals to this court.

The facts disclose that George Conder, Sr. and his wife, Kate Conder, acquired the eighty acre tract involved herein by deed in 1915. Later George Conder, Sr., died. No administration was ever had on his estate, but all of his children and grandchildren conveyed their interests in the land to his surviving widow, Kate Conder, prior to the trial of this case in the district court. The

plaintiff, an abstracter and licensed surveyor in Rio Arriba County during the year 1945 wrote three letters to the Conders at their correct address in Colorado endeavoring to buy the land. Two of the letters were written to sons of George Conder, Sr., deceased, and one was written to the widow, Kate Conder. Efforts. to buy the land were fruitless. On June 7, 1949, the County Treasurer of Rio Arriba County, issued Tax Sale Certificate No. 3076 describing the lands involved in this cause for the purported to be delinquent taxes for the year 1946. On July 10, 1950, the County Treasurer assigned the Tax Sale Certificate to the plaintiff. On April 13, 1951, the same County Treasurer issued a tax deed to the plaintiff. The record further reflected that on April 1, 1947, the County Treasurer of Rio Arriba County issued Tax Receipt No. 3198, in favor of George Conder, evidencing the payment of all taxes on the land involved herein for the year 1946. It is undisputed that the Conders had paid all of the taxes for all of the years subsequent to 1915 to 1946, and for all years after 1946 on an inaccurate description. The Conders first learned of the tax deed on June 23, 1952, and on June 25, 1952, two of the Conder's sons, defendants, came to New Mexico, and exhibited to the plaintiff a tax receipt for the year 1946. Thereafter the plaintiff in August, 1952, advised the Conders by letter that "the tax deed, perhaps, should not have been issued." On September 5, 1952, the plaintiff advised the Conders by letter that "the tax deed appeared to be valid." In April, 1962, the defendant, Truman Smith, took possession of the lands in controversy as a tenant of the Conders.

For his initial attack the appellant, plaintiff below, contends that the trial court erred in its Conclusion of Law No. 2. Conclusion of Law No. 2 recited in part as follows:

"* * * and that said claim of right, title or interest in or to, or lien upon the premises was based solely upon a claim of adverse possession * * *"

This is an obvious error. The appellant had predicated his claim upon a tax deed, on adverse possession under color of title of the tax deed together with payment of taxes, and on rights claimed by virtue of possession and the passage of time as provided in § 23-1-21, N.M.S.A. 1953. We propose, in this opinion, to discuss each theory upon which appellant asserts any rights to the property in question. He has not been prejudiced by the statement complained of in Conclusion No. 2. We will not correct a harmless error. Irwin v. Lamar, 74 N.M. 811, 399 P.2d 400.

Next, the appellant challenges Findings of Fact Nos. 1, 3, and 25 of the Decision. The three findings can be summarized as a finding of ownership of the land by the counterclaimant Kate Conder. We will

not consider the challenge. If the appellant is to prevail he must do so upon the strength of his own title and not upon the weakness of an adverse claim. Rock Island Oil & Refining Company v. Simmons, 73 N.M. 142, 386 P.2d 239.

For his third ground for reversal the appellant challenges Conclusion of Law No. 3 in the Decision. In this the trial court concluded that the tax deed issued to the appellant was null and void. The attack is without force. The trial court found that there had been a failure to establish adverse possession hence the validity of the tax deed is unimportant.

For a fourth point, the appellant urges that the failure of the appellee to institute a suit against the appellant to challenge the validity of his tax deed and adverse possession bars her from now claiming the premises. The appellant relies on Sections 23-1-21 and 23-1-22, N.M.S.A., 1953 Comp. The argument advanced by the appellant is that the trial court based its finding on § 23-1-22 which the appellant claims is the "adverse possession" statute. The appellant says that the court should have made its finding in the light of § 23-1-21 which is the "limitations" statute. The appellant overlooks Tietzel v. Southwestern Construction Company, 48 N.M. 567, 154 P.2d 238, where we held that adverse possession was an essential element under either statute. See also, Montoya v. Un-known Heirs of Vigil, 16 N.M. 349, 120 P. 676; 4 Natural Resources Journal 559. The trial court in Finding of Fact No. 22 found that the appellant had not for any continuous ten year period possessed the land in controversy as an adverse claimant in good faith and hostile to the appellee. The finding was supported by substantial evidence. The claim of the appellant is without merit.

The fifth claim of error is another attack on Finding of Fact No. 23. This finding was to the effect that the appellee and her predecessors in title had paid all ad valorem taxes levied on the premises for all times material hereto. The gist of this attack is centered on inaccuracies in the property descriptions on the tax rolls. Again, the point is of no consequence. Whether the appellee paid the taxes after the year 1947 or not does nothing to strengthen the title claimed by the appellant.

The sixth and seventh propositions relied upon by the appellant are both founded upon his claim of adverse possession. Unquestionably, the appellant armed with his tax deed had color of title. See Heron v. Garcia, 52 N.M. 389, 199 P.2d 1003; Sanchez v. Garcia, 72 N.M. 406, 384 P. 2d 681. § 23-1-22, supra, requires in addition to color of title, (a) ten years of continuous adverse possession, (b) payment of taxes, and (c) good faith. See Seed, Adverse Possession in New Mexico, 4 Natural Resources Journal 559. In addition to color of title the record discloses that

taxes were paid by the appellant under a double assessment for the years 1951 to 1964. In Apodaca v. Hernandez, 61 N.M. 449, 302 P.2d 177, we considered the elements of good faith and the necessity for the possession to be openly hostile in character. See also Seed, Adverse Possession in New Mexico, 5 Natural Resources Journal 96 at p. 110. A summary of the findings of the trial court pertinent to this phase of the appeal discloses that (a) the appellees did not know of the Tax Sale Certificate or the tax deed until June 23, 1952, (b) that the appellees on June 25, 1952, confronted the appellant and exhibited their tax receipt for the year 1946, (c) that thereafter the appellant wrote to the appellees that "they had nothing to worry about," (d) that again the appellant wrote to the appellees saying "the tax deed, perhaps should not have been issued," and that the appellant was endeavoring to secure from the County Treasurer a return of the money paid by him for the Tax Sale Certificate, (e) that these letters constituted a break in the hostile character of the possession. The findings just summarized were supported by substantial evidence. The letters written by the appellant to the appellees are not consistent with "hostility." "Hostility" need not be "ill-will" or "evil intent," but a mere showing that the one in possession of the land claims the exclusive right thereto and denies either by word or act the owner's title. See Rorebeck v. Criste, 1 Ariz.App. 1, 398 P.2d

678. The trial court correctly found that there had been a break in the continuity of hostile possession and that the appellant's claim of ten years of adverse possession had not been established.

Finally, the appellant says that the trial court erred in its Findings of Fact Nos. 7, 8, and 9. Without repeating the findings and unnecessarily lengthening this opinion it will be sufficient to note that they referred to the three letters written by the appellant to the Conders in 1945, each containing an offer to buy the tract of land for an unidentified third party, and the further fact that none of the offers were accepted. The appellant contends that the trial court erred in giving any consideration to the letters. The appellant admits that he wrote the letters, and he admits that the tax rolls showed the Conders to be the owners. We see no error in the adoption of the findings attacked. At most they were superfluous to the result and that cannot be the basis for a reversal. See Melfi v. Goodman, 73 N.M. 320, 388 P.2d 50.

■ Earlier in this opinion we stated that we would not consider the attack on the findings of the trial court as to ownership of the land by the counterclaimant. Insofar as the claim of the appellant is concerned we adhere to that position. On the other hand, it does disclose absence of support for a decree quieting title in the appellee and, accordingly, the decree as to both parties was in error and must be reversed.

The cause will be remanded to the trial court with direction to vacate the decree appealed from and to enter a new decree dismissing both the complaint and the counterclaim.

It is so ordered.

NOBLE and MOISE, JJ., concur.