**Gregory D. SCOTT, d/b/a GHQ, Plaintiff,**

v.

**MEGO INTERNATIONAL, INC., a corporation, and Mego Corp., a corporation, Defendants.**

**Civ. No. 4–77–206.**

United States District Court, D. Minnesota, Fourth Division.

Oct. 5, 1981.

See also, D.C., 519 F.Supp. 1118.

Allen W. Hinderaker, of Popham, Haik, Schnobrich, Kaufman & Doty, Ltd., Minneapolis, Minn., for plaintiff.

Bertram Frank, and Murray I. Franck, of Bertram Frank, P. C., New York City, and Conrad A. Hansen, of Williamson, Bains, Moore & Hansen, Minneapolis, Minn., for defendants.

## ORDER

DIANA E. MURPHY, District Judge.

Plaintiff, Gregory D. Scott, d/b/a GHQ, brought this action for common law and statutory trademark infringement, trademark dilution, false designation of origin, and deceptive trade practices against defendants, Mego International, Inc. and Mego Corp. Defendant Mego Corp. counterclaimed, seeking cancellation of plaintiff's registered marks. Jurisdiction is asserted under 28 U.S.C. § 1338(a) and (b), 15 U.S.C. § 1121, and pendent jurisdiction.

The liability issues were tried to the court, and after a seven-week trial, the court entered its Memorandum Opinion and Order for Judgment on July 16, 1981. 519 F.Supp. 1118. Judgment was ordered in favor of the defendants on all of plaintiff's claims and in favor of the plaintiff on defendant Mego's counterclaim. The court ordered that any claim for attorneys' fees be filed within 21 days, citing *Obin v. District No. 9 of the International Association of Machinists and Aerospace Workers, et al.,* 651 F.2d 574 (8th Cir. 1981).

Defendant Mego Corp. moved for an award of attorneys' fees on August 6, 1981. The parties were given the opportunity of submitting memoranda and affidavits, and these materials were submitted as of September 23, 1981, when the motion for attorneys' fees was taken under advisement.

Mego Corp. seeks attorneys' fees pursuant to 15 U.S.C. § 1117, under which a court

may award reasonable attorneys' fees to the prevailing party "in exceptional cases," and Minn.Stat. 325D.45, subd. 2 (Minnesota Deceptive Trade Practices Act), under which a court may award attorneys' fees to a prevailing defendant if the plaintiff knew his action was groundless.

While the court has ruled against the plaintiff on his claims, these claims were not groundless. "[T]he course of litigation is rarely predictable." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). In this case the plaintiff successfully withstood a motion for summary judgment and a motion to dismiss at the end of his case in chief, and he prevailed in part on the merits in that defendant's counterclaim was dismissed by the court. It is true that the court has decided most of the legal issues adversely to the plaintiff and that it has made certain comments in evaluating the testimony and the evidence. However, this was not a frivolous or unreasonable case (and Mr. Scott certainly did not believe that it was either), and the court does not find that the action itself was pursued in bad faith or that this is an exceptional case within the meaning of 15 U.S.C. § 1117. In short, the court finds that there are no grounds to award defendant its attorneys' fees under either the federal or the state statutory provisions or under the rule of *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

Accordingly, the court having reviewed the memoranda and affidavits of the parties, and based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that defendant's motion for attorneys' fees is denied.