858 P.2d 103

**G.E.W. MECHANICAL CONTRACTORS, INC., Plaintiff–Appellant,**

v.

**The JOHNSTON COMPANY, and John Johnston, Defendants–Appellees.**

No. 13445.

Court of Appeals of New Mexico.

June 30, 1993.

James A. Chavez, W. Daniel Schneider, Schneider & Schneider, Albuquerque, for plaintiff-appellant.

Victor R. Ortega, Bruce Herr, Montgomery & Andrews, P.A., Albuquerque, for defendants-appellees.

*OPINION*

DONNELLY, Judge.

Plaintiff, G.E.W. Mechanical Contractors, Inc., appeals from an order granting summary judgment and dismissing its amended complaint against Defendants, The Johnston Company, a corporation, and John Johnston, individually. Two issues are presented on appeal: (1) whether the trial court erred in granting summary judgment and refusing to allow the joinder of Louie Petelski, doing business as G.E.W. Sheet Metal, a sole proprietorship (Petelski), as a plaintiff in the action; and (2) whether the trial court erred in finding that Plaintiff's claim against Defendants, alleging violation of the Unfair Trade Practices Act, was groundless, thus permitting an award of attorney's fees to Defendants. We affirm in part and reverse in part.

Plaintiff filed suit against Defendants and Joy Technologies, Inc., alleging that it submitted a bid on a sheet metal subcontract at the University of New Mexico Hospital; that it had sought and obtained prices for preparing its bid from Defendants; and that it was an unsuccessful bidder because Defendants had improperly and unfairly given it pricing information higher than that of other competing bidders. Plaintiff also alleged that Defendants' acts violated the New Mexico Price Discrimination Act, the New Mexico Unfair Trade Practices Act, and unlawfully interfered with the corporation's valid expectancy of a business relationship with the hospital.

In its amended complaint, Plaintiff additionally alleged that Defendants inflated their quotation of prices given to Plaintiff over that given to Plaintiff's competitors and the winning bidder, and that Defendants gave a lump-sum price to Plaintiff, but gave itemized prices to Plaintiff's competitors. Defendants filed a motion for summary judgment, asserting that Plaintiff was not a licensed contractor and was legally barred from performing under the contract, that it was Petelski who had, in fact, submitted the bid in question, and that Plaintiff's complaint failed as a matter of law to state a claim under the Price Discrimination Act.

Following the filing of Defendants' motion for summary judgment, Plaintiff moved to join Petelski as an additional plaintiff in the action. After a hearing on the motions, the trial court denied Plaintiff's motion to join Petelski and granted Defendants' motion for summary judgment. A third Defendant, Joy Technologies, Inc., was dismissed by Plaintiff without prejudice.

I. *Award of Summary Judgment and Refusal to Permit Joinder*

Plaintiff argues that the trial court erred in granting Defendants' motion for summary judgment and in denying its motion to join Petelski as an additional plaintiff to the action. In reviewing this claim, we first consider the applicable standard of review for (1) an order granting summary judgment; (2) denial of a motion to allow joinder of an additional party plaintiff; and (3) analyze the propriety of the trial court's ruling on each motion in light of those standards.

Defendants' motion for summary judgment was grounded, among other things, on their contention that Plaintiff was not the entity that submitted the bid referred to in its lawsuit. Defendants' motion for summary judgment was accompanied, inter alia, by an affidavit of M. Eliza Stewart reciting that she obtained a certificate from the New Mexico Construction Industries Division, which she appended to her affidavit, stating that Plaintiff is not a licensed contractor in the State of New Mexico and was not a licensed contractor when the subcontract was bid. Plaintiff did not controvert this factual contention.

Plaintiff's brief-in-chief jointly argues that the trial court erred in granting Defendants' motion for summary judgment and denying its motion, pursuant to SCRA 1986, 1–017(A) and 1–021 (Repl.1992), to join Petelski as an additional party plaintiff. We begin our analysis by noting that it is undisputed that Petelski, and not Plaintiff, submitted the bid referred to in Plaintiff's amended complaint. Although

Plaintiff admits that it mistakenly named the incorrect plaintiff, it asserts that the trial court erred in granting summary judgment, rather than granting its motion under SCRA 1–021 permitting it to correct the misjoinder by substituting and joining Petelski as the plaintiff herein.

■ Once the moving party makes a prima facie showing that it is entitled to summary judgment, the burden shifts to the nonmoving party to demonstrate that a genuine, triable issue of material fact exists. *Koenig v. Perez*, 104 N.M. 664, 666, 726 P.2d 341, 343 (1986). At this point, the nonmoving party may not rely on its pleadings, but must come forward to show that a material issue of fact remains in dispute. *Oschwald v. Christie*, 95 N.M. 251, 253, 620 P.2d 1276, 1278 (1980). Plaintiff failed to meet this requirement. However, while it is clear that the trial court's decision to grant summary judgment against Plaintiff was supported by the uncontested fact that it was not a real party in interest having authority to pursue the claim herein, because Plaintiff filed a motion to join Petelski as a party plaintiff, we must also examine Plaintiff's claim that the court abused its discretion in not permitting the joinder.

Following the hearing on Defendants' motion for summary judgment and Plaintiff's motion to permit joinder of Petelski as a party plaintiff, the trial court granted the motion for summary judgment and denied Plaintiff's motion to join Petelski. In denying the motion for joinder, the trial court stated in its letter to counsel:

It is the court's position that if Mr. Petelski desires to pursue a claim, it should be done by filing an amended complaint or filing a separate suit. This is a cleaner way to proceed for the court can then make a determination of propriety of attorneys' fees through this date, and separately the propriety of attorneys' fees as to the claim of the individual and a better method to clearly set forth the individual's claim rather than a band-aid attempt to modify the existing complaint by a mere joinder.

Plaintiff argues that the trial court erred in denying its motion for joinder of Petelski

and that if the court had permitted the joinder, the order granting summary judgment and dismissal of the action would have thereby been rendered improper. In advancing this argument, Plaintiff reasons that although generally the decision of whether to permit joinder of an additional party plaintiff to an action under SCRA 1986, 1–019(A) (Repl.1992) rests within the sound discretion of the trial court, *see C.E. Alexander & Sons, Inc. v. DEC Int'l, Inc.*, 112 N.M. 89, 91, 811 P.2d 899, 901 (1991), nevertheless, in the instant case, the trial court abused its discretion in denying its motion to join Petelski as a real party in interest.

SCRA 1–017(A) specifies, in applicable part:

Every action shall be prosecuted in the name of the real party in interest.... Where it appears that an action, by reason of honest mistake, is not prosecuted in the name of the real party in interest, the court may allow a reasonable time for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

SCRA 1–021 governs situations where there has been a misjoinder or nonjoinder of parties. This rule provides:

*Misjoinder of parties is not ground for dismissal of an action.* Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately. [Emphasis added.]

■ We agree with Plaintiff that, in the instant case, SCRA 1–017(A) and 1–021 should be read together, *cf. Prager v. Prager*, 80 N.M. 773, 775, 461 P.2d 906, 908 (1969) (observing that rules involving joinder should be read together with other applicable rules), and that joinder of an indispensable or necessary party is favored

in order to avoid multiplicity of suits. *Cf. United Nuclear Corp. v. Fort,* 102 N.M. 756, 761, 700 P.2d 1005, 1010 (Ct.App.1985) (public policy favors avoidance of multiplicity of suits).

As observed by 3A James W. Moore et al., *Moore's Federal Practice* Paragraph 19–05[2], at 19–82 (1993) [hereinafter *Moore's Federal Practice*], "If a timely objection is made for non-joinder of a necessary party, when joinder is feasible, the claimant should be given an opportunity to add the non-joined person and if he fails to do so the claim should be dismissed." *See also Heath v. Aspen Skiing Corp.,* 325 F.Supp. 223, 229 (D.Colo.1971) (philosophy underlying enactment of Rule 19 is to avoid dismissal wherever possible); *Gonzalez v. Fireman's Fund Ins. Co.,* 385 F.Supp. 140, 144–45 (D.P.R.1974) (if court drops misjoined party, no amended complaint is necessary). Similarly, *Moore's Federal Practice* Paragraph 21.03[1], at 21–4, –5, states:

> Rule 21 reflects a repudiation of the overly technical common law rule under which misjoinder was fatal to a lawsuit. Thus the Rule provides that "[m]isjoinder of parties is not ground for dismissal of an action." Under Rule 21, the misjoined party may be dropped at any stage of the action on such terms as the court deems just, either on motion of a party or on its own initiative. [Footnotes omitted.]

The above interpretation is mirrored by 7 Charles A. Wright et al., *Federal Practice and Procedure* Section 1688, at 467 (1986), which notes: "A defect in parties must be specifically raised and should not be argued indirectly through a motion for summary judgment under Rule 56."

■ Although we agree with Plaintiff that under SCRA 1–021, misjoinder of G.E.W. Mechanical Contractors, Inc., rather than Petelski as the named plaintiff, was not a proper ground for dismissal under SCRA 1–021, we conclude that this issue has been rendered moot by reason of Petelski's decision to file a separate action asserting such claims. As set forth in the trial court's letter to the parties, the court indicated that in light of its decision granting summary judgment, Plaintiff could file an amended complaint setting forth Petelski's claim or file a separate action. Petelski chose the latter option. Plaintiff's reply brief concedes that Petelski filed a separate suit but, without citation of authority, denies that the issue is moot. We disagree. It is undisputed that Plaintiff in the instant case was not the real party in interest. Thus, it has failed to demonstrate how the trial court's ruling, even if erroneous, resulted in prejudice to Plaintiff. "To be reversible, error must be prejudicial." *In re Rhonda A.,* 110 N.M. 228, 233, 794 P.2d 371, 376 (Ct.App.), *rev'd on other grounds,* 110 N.M. 454, 797 P.2d 243 (1990); *Heron v. Conder,* 77 N.M. 462, 464, 423 P.2d 985, 986 (1967).

■ Plaintiff also argues that the trial court failed to consider whether, with Petelski joined in the action as an additional plaintiff, the corporation could have maintained an action for damages against Defendants. We find this argument unpersuasive. Plaintiff has acknowledged that it "mistakenly failed to join [Petelski] as a plaintiff," thus, there was a misjoinder of parties. Nothing in the pleadings demonstrates that Plaintiff was the real party in interest or was legally authorized to pursue this action. Under this posture, Plaintiff has failed to rebut Defendants' prima facie showing of entitlement to summary judgment. Under the circumstances, the trial court's order dismissing Plaintiff's action did not constitute reversible error.

## II. *Award of Attorney's Fees*

Following the granting by the trial court of Defendants' motion for summary judgment, the court conducted an evidentiary hearing on Defendants' motion for attorney's fees and costs. Defendants sought an award of attorney's fees and costs, relying on the provisions of NMSA 1978, Section 57–12–10(C) (Repl.Pamp.1987) of New Mexico's Unfair Trade Practices Act. This subsection provides in part: "The court shall award attorneys' fees and costs to the party charged with an unfair or deceptive trade practice or an unconscionable trade

practice *if it finds that the party complaining of such trade practice brought an action which was groundless."* *Id.* (emphasis added).

The trial court found that "plaintiff's action was groundless within the meaning of the New Mexico Unfair Trade Practices Act ... [Section] 57–12–10(C) ... and that Defendants should be awarded $12,300.00, as attorneys' fees and costs of $656.07...." Plaintiff argues that the trial court erred in awarding attorney's fees and costs, and asserts that its action was not "groundless" within the meaning of Section 57–12–10(C). Plaintiff has not challenged the trial court's award of costs. It argues that although it was guilty of a technical error and misjoinder in naming Plaintiff, a corporation, rather than Petelski as plaintiff herein, nevertheless, under the facts existing here, its claim cannot be considered groundless within the contemplation of Section 57–12–10(C) so as to permit an award of attorney's fees.

█ The question of what constitutes a "groundless" action within the contemplation of Section 57–12–10(C) of the New Mexico Unfair Trade Practices Act presents an issue of first impression. Both parties correctly cite the general rule that each party to an action is required to bear its own attorney's fees unless by statute, contractual agreement, or court rule an award of attorney's fees is authorized. *Reed v. Aaacon Auto Transport, Inc.,* 637 F.2d 1302, 1308–09 (10th Cir.1981); *see also Hickey v. Griggs,* 106 N.M. 27, 30, 738 P.2d 899, 902 (1987).

Plaintiff, relying upon *City of Farmington v. L.R. Foy Construction Co.,* 112 N.M. 404, 408–10, 816 P.2d 473, 477–79 (1991), observes that while Section 57–12–10(C) has not previously been interpreted, our Supreme Court has construed a similar statute, NMSA 1978, Section 59A–16–30 (Repl.Pamp.1988), contained in the State Insurance Code. The Court determined that, under such statute, a defendant who successfully defends against a claim alleging that it engaged in unfair or deceptive insurance trade practices is not entitled to an award of attorney's fees absent a showing of subjective knowledge on the party of the plaintiff that when the action was filed he knew the claim was groundless. *Id.* In *City of Farmington* the Court held:

Section 59A–16–30 contemplates a discretionary award of attorneys' fees not for the pursuit of an action ultimately found to be groundless, but if the complainant "has *brought* an action which he *knew* to be groundless." (Emphasis added.) In other words, the statute expresses the clear legislative intent that for plaintiffs to be sanctioned with attorneys' fees it must be shown they subjectively knew at the time the suit was filed that the complaint was groundless....

The groundlessness of a suit should not be determined in retrospect. Merely because in hindsight it may appear obvious that no facts or law support a judgment for the plaintiff, a suit may not necessarily be groundless. *See Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421–22, 98 S.Ct. 694, 700–01, 54 L.Ed.2d 648 (1978). A claim may appear meritorious to a plaintiff based on the initial pleadings, although as facts and legal theories develop it may become apparent that the suit is in fact groundless.

*Id.* at 407–08, 816 P.2d at 476–77 (footnote omitted).

In response to Plaintiff's arguments, Defendants contend that since the amended complaint was filed by G.E.W. Mechanical Contractors, Inc., and it could not have prevailed in an action for damages against Defendants, the trial court properly determined that the complaint was groundless both in law and fact. Defendants also assert that the decision in *City of Farmington* is not controlling in the present case because Section 59A–16–30 (Repl.Pamp.1992), unlike Section 57–12–10(C), contains language which authorizes attorney's fees to be awarded to the prevailing party only when the party brought an action "that he knew to be groundless," or where a party "has willfully engaged in [a] violation" of the act.

█ We agree with Defendants that Section 57–12–10(C) differs from the language

of Section 59A–16–30. Under the latter statute, a prerequisite for an award of attorney's fees to a defendant who has successfully defended against a claim alleging unfair insurance competition or deceptive insurance practices, is a showing that when the action was commenced, the plaintiff knew the action was without any valid basis in law or fact to support the claim. In interpreting Section 57–12–10(C), however, we do not read the statute to authorize an award of attorney's fees to Defendants merely because they successfully prevailed against the claims asserted by Plaintiff. Instead, we conclude that the purpose of Section 57–12–10(C) in authorizing an award of attorney's fees to a defendant where the action is determined to have been "groundless," is to reimburse a party for the expense of defending a frivolous action and to dissuade parties from filing actions where there is no arguable basis in law or fact to support the cause of action and the claim is not supported by a good-faith argument for the extension, modification, or reversal of existing law.

■ In enacting Section 57–12–10(C), we believe the legislature intended the term "groundless" to have the same meaning as "frivolous," as used in SCRA 1986, 16–301 (Repl.Pamp.1991). The latter rule provides in applicable part that "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law." *Id.; cf. Scott v. Mego Int'l, Inc.,* 524 F.Supp. 74, 75 (D.Minn.1981) (affirming trial court's denial of award of attorney's fees in action alleging infringement of trademark and violation of Minnesota's Deceptive Trade Practices Act, where there was no showing that Plaintiff's claims were groundless, frivolous, or pursued in bad faith); *Genuine Parts Co. v. Garcia,* 92 N.M. 57, 63, 582 P.2d 1270,

1276 (1978) (construing term "frivolous" contained in former Civil Appellate Rule 20 to mean "without merit"); *Cutter Flying Serv., Inc. v. Straughan Chevrolet, Inc.,* 80 N.M. 646, 649, 459 P.2d 350, 353 (1969) (determining purpose of statute authorizing award of attorney's fees to prevailing party in suits on open account is to discourage litigation as a tactic to either avoid paying just debts or to enforce false claims); *see generally* Debra E. Wax, Annotation, *Award of Attorney's Fees in Actions Under State Deceptive Trade Practice and Consumer Protection Acts,* 35 A.L.R.4th 12, § 7 (1985).

■ Viewed by the above standards, we cannot say that, at the time Plaintiff filed its action herein, the action was initiated in bad faith or that there was no credible evidence to support its claim. Moreover, in view of the admonition contained in SCRA 1–021 that "[m]isjoinder of parties is not ground for dismissal of an action," there has been no showing that had the action been commenced by the real party in interest such action would have been groundless or initiated in bad faith. Thus, we conclude that the trial court erred in awarding attorney's fees under the circumstances existing herein.

### CONCLUSION

We affirm the trial court's order of dismissal and denial of Plaintiff's motion for joinder. We reverse the award of attorney's fees.

IT IS SO ORDERED.

ALARID and APODACA, JJ., concur.