866 P.2d 362

**Benjamin Paul JONES, Plaintiff–Appellee and Cross–Appellant,**

v.

**A.E. BEAVERS, Defendant–Appellant and Cross–Appellee.**

**No. 11790.**

Court of Appeals of New Mexico.

Aug. 10, 1993.

Certiorari Denied Oct. 13, 1993.

---

**636**

Winston Roberts–Hohl, Santa Fe, for defendant-appellant, cross-appellee.

Daniel A. Bryant, Parsons & Bryant, P.A., Ruidoso, for plaintiff-appellee, cross-appellant.

## OPINION

DONNELLY, Judge.

Both Plaintiff and Defendant have filed appeals from a judgment of the trial court awarding damages to Plaintiff for wrongful conversion of personal property. Defendant contends that the trial court erred in (1) finding that he wrongfully converted personal property belonging to Plaintiff; (2) refusing to find that certain items of Plaintiff's personal property alleged to have been converted by Defendant were, in fact, seized by a third party; and (3) refusing to award him attorney's fees for defending against Plaintiff's claim that Defendant violated the New Mexico Unfair Trade Practices Act. In his cross-appeal, Plaintiff asserts the trial court erred (1) in refusing to find that Defendant violated the Unfair Trade Practices Act; and (2) rejecting his request for an award of attorney's fees. Issues raised in the docket-ing statements but not briefed are deemed abandoned. *State v. Johnson,* 103 N.M. 364, 367, 707 P.2d 1174, 1177 (Ct.App.), *cert. quashed,* 103 N.M. 344, 707 P.2d 552 (1985). We affirm the judgment entered below.

*FACTS*

In January 1983 Plaintiff possessed a 1977 Kenworth dump truck that he had financed through the Los Alamos Credit Union (Credit Union). The Credit Union held a valid security interest in the truck. Plaintiff fell into arrears in making the monthly payments on the truck and the Credit Union sought to repossess the vehicle.

Defendant agreed to loan Plaintiff $13,304 so that he could pay off the indebtedness owing to the Credit Union. The parties agreed that Defendant would prepare a note and other documents to evidence the loan and to give Defendant a security interest in the truck. After paying off the loan to the Credit Union, Defendant received the title for the truck from the Credit Union and agreed that Plaintiff would retain possession of the truck. Plaintiff never signed an assignment of title to Defendant. Although Defendant received physical possession of the document of title to the truck, he never had the title transferred to his name, he failed to ever record a lien against the truck with the Motor Vehicle Division, and he never requested that he be named as the loan payee on the vehicle insurance policy.

Plaintiff failed to secure other refinancing on the vehicle and, on April 15, 1983, Defendant or his agents broke into and seized the truck and moved it to Defendant's property in Roswell. On April 19, 1983, Plaintiff discovered that the truck was being stored on Defendant's premises, but Defendant's employees refused to allow him to remove it. Thereafter, Defendant offered to return the truck to Plaintiff for the principal sum of $13,304, together with $1000 interest, and the payment of $150 attorney's fees. When Plaintiff failed to promptly accede to this demand, Defendant made arrangements to sell the truck to a third party.

On May 13, 1983, Plaintiff's attorney contacted Defendant and advised him that Plaintiff had obtained a loan sufficient to pay off

the indebtedness owing to Defendant and that the loan would be funded in approximately two weeks. During this discussion, Defendant showed Plaintiff's attorney the title to the truck and a bill of sale. The documents purportedly contained the signatures of Plaintiff. Plaintiff disputed ever having signed the documents or agreeing to a sale of the truck. Despite being apprised of the fact that Plaintiff had taken steps to repay the loan owing to Defendant, Defendant agreed to sell the truck to Dwaine Meador. Signatures appearing on the truck title purported to show that the title had been transferred from Plaintiff to Meador.

Plaintiff obtained a temporary injunction against Defendant, prohibiting him from selling the truck to Meador. On May 25, 1983, Plaintiff paid Defendant the sum of $14,454, inclusive of interest and attorney's fees. Following payment of the money to Defendant, Plaintiff sought to obtain various items of personal property that had been left in the truck when it was seized by Defendant, and other personal property that had been stored on Defendant's premises with the consent of Defendant. The evidence was conflicting as to whether these items were ever returned to Plaintiff. Plaintiff testified that Defendant refused to permit him to pick up and remove the property. Defendant testified he returned most of the items to Plaintiff's residence, but they were then seized by a third party.

Plaintiff's amended complaint against Defendant sought damages for Defendant's wrongful repossession and retention of the truck and personal property. Plaintiff's complaint was premised on six different theories: Count I sought a preliminary injunction and restraining order; Count II sought both actual and punitive damages against Defendant for misrepresentation; Count III sought damages against Defendant and others for allegedly forging Plaintiff's signature to the certificate of title on the truck; Count IV sought damages against Defendant and another for falsely notarizing Plaintiff's signature on the certificate of title; Count V alleged that Defendant, together with others, violated the New Mexico Unfair Trade Practices Act by making false or misleading state-

ments incident to the attempted sale of the truck; and Count VI sought damages against Defendant for the wrongful conversion of personal property belonging to Plaintiff.

Following a bench trial, the trial court adopted findings of fact and conclusions of law, and entered judgment awarding damages against Defendant. The judgment dismissed Counts II through V, and awarded Plaintiff compensatory damages in the sum of $12,899 against Defendant under Count VI, and punitive damages in the sum of $15,000, together with costs.

## DEFENDANT'S APPEAL

### Claim of Error; Sufficiency of Evidence

We jointly consider Defendant's first and second issues raised on appeal. Defendant argues that the trial court erred in finding that he wrongfully converted personal property owned by Plaintiff, which had been left in the truck when it was seized or which had been stored on Defendant's premises. In furtherance of this contention, Defendant argues that, under the Uniform Commercial Code, he was a transferee of the title to the truck pursuant to NMSA 1978, Section 55-7-504 (Repl.Pamp.1987), and was substituted to all of the rights previously held by the Credit Union in the truck after Defendant arranged to pay off the indebtedness previously owed by Plaintiff to the Credit Union. He argues that when the Credit Union forwarded the truck title to him, he became the transferee and holder of a security interest in the truck and was entitled to repossess the truck and the personal property contained therein. Defendant also argues that the evidence was insufficient to support the trial court's findings that he wrongfully converted personal property owned by Plaintiff. He specifically argues that there was no showing or finding of negligence on Defendant's part. We find Defendant's arguments unpersuasive.

The trial court expressly found that after Defendant assisted Plaintiff in paying off the indebtedness to the Credit Union, Plaintiff retained possession of the truck and "acted consistently with his belief that he was the owner of the truck," and that Defendant "never had the title transferred to his name, never had any lien recorded, never had himself named as the loan payee on the insur-

ance policy, never obtained an ignition key, or in any other manner evidenced any ownership interest in the truck prior to April 15, 1983," when the truck was seized.

■ Section 55–7–504(1), relied upon by Defendant, specifies that "[a] transferee of a document, whether negotiable or nonnegotiable, to whom the document has been delivered but not duly negotiated, acquires the title and rights which the transferor had or had actual authority to convey." Under the circumstances existing here, mere possession by Defendant of the truck title which had been assigned to Plaintiff was not effective to invest Defendant with a security interest in the truck. The certificate of title issued by the Motor Vehicle Division was not the type of instrument contemplated by Section 55–7–504(1) of the Uniform Commercial Code (U.C.C.), which would result in Defendant becoming a valid transferee of the vehicle. *See In re Emergency Beacon Corp.*, 665 F.2d 36, 41 (2d Cir.1981) (term "documents of title," as used in U.C.C., not intended to apply to certificates of title to motor vehicles); *National Exchange Bank v. Mann*, 81 Wis.2d 352, 260 N.W.2d 716, 719 (1978) (automobile certificates of title are excepted from U.C.C. provisions relating to documents of title, because vehicle certification statutes based on Uniform Motor Vehicle Certificate of Title and Anti-theft Act do not recognize pledge of certificate of title as effective to perfect interest); *see also* 7 William D. Hawkland et al., *Uniform Commercial Code Series* § 7–101:02 (1986).

Additionally, NMSA 1978, Section 55–9–302(3)(b) (Repl.Pamp.1987) indicates that even where a financing statement has been filed in accordance with Article 9 of the Uniform Commercial Code, such filing is not effective to perfect a security interest in property required to be licensed under NMSA 1978, Sections 66–3–201 to –204 (Repl.Pamp.1989) of the Motor Vehicle Code. Section 55–9–302(3)(b) provides in relevant part: "The filing of a financing statement ... is not necessary or effective to perfect a security interest in property subject to: ... Sections 66–3–201 through 66–3–204 of the Motor Vehicle Code...." Section 66–3–201(A) of the Motor Vehicle Code states, in part, that "[a] security interest in a vehicle of a type required to be titled and registered in New Mexico is not valid against attaching creditors, subsequent transferees or lienholders unless perfected as provided by this section. This provision does not apply to liens dependent upon possession."

■ Because Defendant failed to properly perfect a written security interest with the Motor Vehicle Division as required by Section 66–3–201, and failed to establish that he had a valid possessory lien, the trial court could properly determine that Defendant did not have a valid security interest in the truck or the personal property owned by Plaintiff; thus, Defendant's seizure and retention of the property was unauthorized.

Defendant also challenges the trial court's findings that he wrongfully converted items of personal property owned by Plaintiff, which had been left in the truck when it was seized. Similarly, he challenges other findings adopted by the trial court determining that he converted personal property which had been stored by Plaintiff on Defendant's premises. We understand Defendant's argument here to be that the trial court erred in rejecting findings he submitted, indicating that he was not responsible for the loss of the items of personal property he was alleged to have converted because the property, in fact, was delivered by him to Plaintiff's residence in Alto, New Mexico, and that, thereafter, a third party, Jerry Parker, seized the property to satisfy a debt alleged to have been owed by Plaintiff to Parker.

The trial court, inter alia, adopted findings of fact determining that:

After April 15, 1983, [Defendant] refused to allow Plaintiff to come on his property to recover the following items of personal property belonging to Plaintiff, which had previously been lawfully stored on [Defendant's] premises with [Defendant's] consent:

a. 734 gallons of diesel fuel worth $711.98.

b. An electric fuel pump worth $100.00

c. An in-line fuel meter worth $170.00

d. A portable high-intensity light worth $1,600.00

e. Assorted household items worth $400.00

f. A chain hoist worth $600.00

The trial court also found that on the date the truck was seized by Defendant, "Plaintiff had assorted hand tools in the cab of his truck worth approximately $200.00," and that Defendant never returned the tools to Plaintiff and has "wrongfully detained them after demand [was] made for their return."

■ Defendant has failed to file a transcript of proceedings incident to this appeal. Although he refers in his brief-in-chief to certain facts stipulated to by the parties, he fails to summarize all of the testimony or evidence that bears on this issue. On a doubtful or deficient record, we indulge in every reasonable presumption in support of the correctness and regularity of the trial court's decision. *Luxton v. Luxton,* 98 N.M. 276, 278, 648 P.2d 315, 317 (1982); *see also H.T. Coker Constr. Co. v. Whitfield Transp., Inc.,* 85 N.M. 802, 804, 518 P.2d 782, 784 (Ct.App.1974). Under this posture, we presume that the record supports the trial court's findings concerning Defendant's conversion of items of personal property belonging to Plaintiff. Defendant has failed to cite to any portion of the record, or to facts stipulated to by the parties, which indicate that the trial court's findings on this issue are unsupported by other evidence or testimony presented at trial. An appellant is required to point out all evidence bearing on each issue raised on appeal. *Luxton,* 98 N.M. at 279, 648 P.2d at 318; *see also* SCRA 1986, 12–213(A)(3) (Repl.1992). An appellant waives the right of review for sufficiency of the evidence by failing to provide an adequate summary of the relevant evidence to satisfy the appellate briefing rule and related case law. *See Martinez v. Southwest Landfills, Inc.,* 115 N.M. 181, 184–86, 848 P.2d 1108, 1111–13 (Ct.App.1993).

■ Our review of the record proper also indicates that Defendant tendered requested findings of fact that the items of personal property contained in the truck at the time of its seizure were removed by Plaintiff and taken to Plaintiff's residence together with other items of personal property stored on Defendant's premises, and that the diesel fuel left on Defendant's property "was recovered by Jerry Parker in partial satisfaction of a debt owed by Plaintiff." The trial court refused each of these requested findings. The trial court's refusal to adopt the requested findings of fact is tantamount to a finding against Defendant on each of these factual issues. *Sanchez v. Memorial Gen. Hosp.,* 110 N.M. 683, 690, 798 P.2d 1069, 1076 (Ct.App.) (refusal of a requested finding has the legal effect of a finding against the party submitting such request), *cert. denied,* 110 N.M. 653, 798 P.2d 1039 (1990). In the absence of a satisfactory record indicating that the trial court's rulings on these factual issues were unsupported by substantial evidence, we affirm each of the trial court's findings. *See Luxton,* 98 N.M. at 279, 648 P.2d at 318.

■ Defendant also argues that in the absence of a finding of negligence the judgment against him cannot stand. As a general proposition, however, negligence is not a required element of recovery for conversion. *See Nosker v. Trinity Land Co.,* 107 N.M. 333, 337–38, 757 P.2d 803, 807–08 (Ct.App.), *cert. denied,* 107 N.M. 267, 755 P.2d 605 (1988). "Conversion is defined as the unlawful exercise of dominion and control over personal property belonging to another in exclusion or defiance of the owner's rights, or acts constituting an unauthorized and injurious use of another's property, or a wrongful detention after demand has been made." *Id.* The findings of the trial court indicate that the recovery awarded Plaintiff was based on the tort of conversion by demand and refusal. *See id.* 107 N.M. at 338, 757 P.2d at 808. In view of our disposition of the first issue Defendant has raised on appeal, the absence of a finding of negligence is not a basis for reversal.

### Denial of Attorney's Fees

At the conclusion of the trial, the trial court dismissed Count V of Plaintiff's complaint, which alleged that Defendant's acts constituted a violation of the Unfair Trade Practices Act. Defendant asserts that the trial court erred in refusing to award him

attorney's fees for successfully defending against Plaintiff's claim.

NMSA 1978, Section 57–12–10(C) (Repl. Pamp.1987) provides:

> The court shall award attorneys' fees and costs to the party complaining of an unfair or deceptive trade practice or unconscionable trade practice if he prevails. *The court shall award attorneys' fees and costs to the party charged with an unfair or deceptive trade practice or an unconscionable trade practice if it finds that the party complaining of such trade practice brought an action which was groundless.* [Emphasis added.]

In contrast with the first portion of the above subsection, which specifies that a party, who has complained that another has engaged in an unfair or deceptive trade practice, shall be entitled to an award of attorney's fees if he or she prevails on such claim, the second portion of the section authorizes an award to a party who successfully defends against such claim only if the trial court determines that the action was "groundless."

 In *G.E.W. Mechanical Contractors, Inc. v. Johnston Co.,* 115 N.M. 727, 731, 858 P.2d 103, 107 (Ct.App.1993) this Court recently considered a similar claim. In that case we stated: "In interpreting Section 57–12–10(C), . . . we do not read the statute to authorize an award of attorney's fees to Defendants merely because they successfully prevailed against the claims asserted by Plaintiff." *Id.* at 733, 858 P.2d at 109. Thus, to be entitled to such award, it is not enough to show that Plaintiff did not prevail on such claims. The party must also establish that, at the time such claim was filed, the claim was initiated in bad faith or there was no credible evidence to support it. Here, Defendant has failed to establish that Plaintiff's claim alleging that Defendant engaged in an unfair or deceptive trade practice was initiated in bad faith or was otherwise groundless. Thus, we affirm the trial court's denial of the award of attorney's fees.

## PLAINTIFF'S CROSS–APPEAL

 Plaintiff argues in his cross-appeal that the trial court erred in denying his claim alleging that Defendant engaged in an unlawful trade practice and that the trial court erred in refusing to award attorney's fees for pursuing this claim. We find these arguments unpersuasive. Both Plaintiff and Defendant have failed to provide this Court with a complete record on appeal, and Plaintiff has failed to set out the substance of all evidence presented at trial bearing upon this issue. *See Luxton,* 98 N.M. at 278, 648 P.2d at 317; *Martinez,* 115 N.M. at 184–86, 848 P.2d at 1111–13. On the basis of a fragmentary record, this Court cannot hold as a matter of law that Plaintiff made a prima facie showing entitling him to prevail on this claim. As discussed above, where the record is incomplete or doubtful, we indulge in every presumption in support of the trial court's findings entered below. *Id.* Absent a showing of misapplication of law or error in the admission of evidence, we will not substitute our judgment concerning the weight or effect to be given to the evidence relied upon by the trial court in denying this portion of Plaintiff's claim. Accordingly, we deny Plaintiff's cross-appeal.

## CONCLUSION

For the reasons discussed herein, the judgment of the trial court is affirmed.

IT IS SO ORDERED.

MINZNER, C.J., and APODACA, J., concur.