This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**YOLANDA DERRYBERRY,**

     Petitioner-Appellee,

v.                                           **NO. 29,747**

**THURMAN DERRYBERRY,**

     Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SOCORRO COUNTY**
**Kevin R. Sweazea, District Judge**

Filosa & Filosa
Mark A. Filosa
Truth or Consequences, NM

for Appellee

Don Klein, Jr.
Socorro, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

     Respondent-Appellant Thurman Derryberry (Appellant) appeals an order of summary judgment in favor of his ex-wife, Petitioner-Appellee Yolanda Derryberry

(Appellee). The district court's order of summary judgment allowed the foreclosure of Appellant's real property located in Socorro County (the property) to satisfy a judgment lien in favor of Appellee for back child support. The district court based its decision on the fact that when Appellee's *lis pendens* was filed against the property, Appellant was the sole owner of record.

Appellant's central contention is that summary judgment was improper because his current wife, Jenny Derryberry (Jenny), owned a perfected interest in the property predating Appellee's *lis pendens*. As such, Appellant contends that Jenny was a necessary party that must be joined to the litigation. For the reasons set forth below, we hold that the district court erred in evaluating Appellant's contention that Jenny was a necessary party and we reverse.

**BACKGROUND**

The parties do not dispute the relevant facts. In 2003 Appellee obtained a judgment against Appellant for back child support in the amount of $69,358.76 at an annual interest rate of 8.75%. For the next several years, Appellant made payments of $100 per month to satisfy the debt. He also married Jenny, his second wife.

In 2006 Appellant's friend, Joe Gibson (Gibson), died. In his will, Gibson appointed Appellant his personal representative and stated that, "I, [GIBSON], hereby give, devise[,] and bequeath all my property, whether real, personal, mixed, tangible

2

or intangible, to my good friends, to wit: [APPELLANT], and [JENNY], husband and wife, share and share alike." The next year while acting as Gibson's personal representative, Appellant conveyed the property to himself via warranty deed. That deed makes no mention of Jenny and was recorded on January 22, 2007.

Appellee filed a complaint to foreclose on the property in July 2008 to satisfy the 2003 judgment. As an attachment to her complaint she included a copy of the warranty deed from Appellant to himself, filed in 2007. The next month, she filed a *lis pendens* with the district court and filed and recorded it with the county clerk. In September, she filed a motion for summary judgment on her foreclosure claim.

Appellant answered the complaint for foreclosure and motion to dismiss that same month, arguing both should be denied because Appellee failed to join Jenny, a necessary party who owned a perfected interest in the property. Around that time, in September 2008, Appellant also recorded a correction warranty deed naming Jenny and himself as joint tenants with rights of survivorship in the property. The district court considered Appellee's motion for summary judgment in an October 2008 hearing.

The district court entered summary judgment in favor of Appellee. The court directed a foreclosure sale of the property to satisfy the debt and concluded that,

> [Appellant] and all persons claiming under them subsequent to the execution of said judgment owned by [Appellee] on the said real estate

3

. . . either as purchasers, encumbrancers or otherwise, be barred and foreclosed of all right, title, interest, lien or claims in and to the said real estate and every part thereof.

In April 2009 the property was sold to Appellee at the foreclosure sale.

Appellant challenges the district court's order of summary judgment and cites several errors in the proceedings below. We only discuss Appellant's contention that the court erred in failing to join Jenny, a necessary party.

**DISCUSSION**

Appellant argued that because Appellee failed to join Jenny, a necessary party to the litigation, the case should be dismissed under Rule 1-019 NMRA. We review the district court's determination of whether Jenny was a necessary party de novo, as it is a legal conclusion. *Shearton Dev. Co., L.L.C. v. Town of Chilili Land Grant*, 2003-NMCA-120, ¶ 16, 134 N.M. 444, 78 P.3d 525. "Rule 1-019 has been synthesized into a three-part analysis: (1) whether a party is necessary to the litigation; (2) whether a necessary party can be joined; and (3) whether the litigation can proceed if a necessary party cannot be joined." *Little v. Gill*, 2003-NMCA-103, ¶ 4, 134 N.M. 321, 76 P.3d 639.

When a party meets the first two parts of the above analysis and is deemed necessary and joinable, the court "shall" join the party. Rule 1-019(A)(2). Joinder in such a situation is mandatory, not discretionary. If the necessary and joinable party

4

is not joined, the case must be dismissed. *G.E.W. Mech. Contractors, Inc. v. Johnston Co.*, 115 N.M. 727, 731, 858 P.2d 103, 107 (Ct. App. 1993).

**I.     Jenny is a Necessary Party**

According to Rule 1-019(A)(2)(a), a necessary person is someone who "claims an interest relating to the subject of the action and is so situated that the disposition of the action in [her] absence may:  . . . as a practical matter impair or impede [her] ability to protect that interest."  The Supreme court has held "[t]here is a general rule that all persons, whose interests will necessarily be affected by any decree [in] a given case, are necessary." *Am. Trust & Sav. Bank of Albuquerque v. Scobee*, 29 N.M. 436, 453, 224 P. 788, 790 (1924).  "The determination that a party is necessary involves a functional analysis of the effects of the person's absence upon the existing parties, the absent person, and the judicial process itself."  *Gallegos v. Pueblo of Tesuque*, 2002-NMSC-012, ¶ 42, 132 N.M. 207, 46 P.3d 668 (internal quotation marks and citation omitted).  The inquiry is fact specific and done on a case by case basis. *Id.* "Courts demonstrate a willingness to bring in an absent person whenever there exists a reasonable possibility that the person's interests will be affected by the conclusion of an action to which he has not been made a party."  *Strader v. Verant*, 1998-NMSC-025, ¶ 22, 125 N.M. 521, 964 P.2d 82.  "[J]oinder of an indispensable or necessary party is favored in order to avoid multiplicity of suits." *G.E.W. Mech.*

*Contractors*, 115 N.M. 727, 730-31, 858 P.2d 103, 106-07 (Ct. App. 1993).

In this case, Jenny had a one-half interest in the property at issue, as half of it was devised to her. Allowing this case to proceed without her jeopardized her ability to protect that interest. *See* NMSA 1978, § 45-3-101(B)(1) (1975) (stating that a decedent's property devolves "to the persons to whom the property is devised by his last will"). As a practical matter, Jenny would have had difficulty recovering from Appellant for his failure to place her name on the deed. Appellant was insolvent and if Jenny did obtain a judgment against Appellant in a separate case, she would not be able to recover any damages from Appellant. Thus, the litigation substantially impaired her ability to protect her interest in the property and recover from Appellant's improper actions in a subsequent lawsuit. In addition, "it is well settled that land is assumed to have special value not replaceable in money." *Beaver v. Brumlow*, 2010-NMCA-033, ¶ 33, 148 N.M. 172, 231 P.3d 628. Jenny's interest in the real property itself was unique, and would be impossible to replace with money damages even if they were available to be obtained from Appellant.

Moreover, nonjoinder would subject Appellant to multiple suits. Functionally, the failure to join Jenny had a negative effect on the judicial process itself. The nonjoinder inhibited the protection of property interests, created a multiplicity of lawsuits, and left an innocent party without recourse. The effect of Jenny's exclusion

from the lawsuit burdened both her interest and Appellant's. Thus, Jenny was a necessary party to litigation.

**II.     Jenny was Joinable**

Rule 1-019(A)(2)(b) then requires that if "[the necessary party] has not been so joined, the court shall order that [s]he be made a party." There is no evidence presented indicating that Jenny was not joinable; in fact, evidence indicates that Jenny was physically present in court and likely a resident of this state. Appellant's brief states that "[Jenny] appeared twice in open court . . . , came with her husband, and [the district judge] noted this, and refused to transfer possession, and the two were present in open court when [Appellant] asserted that exemptions of the homestead were still at issue." Additionally, Appellant describes the Socorro County property in question as the "marital abode" of both Appellant and Jenny. As Jenny was present within the state and there is some indication that she resided in the state, it is probable that Jenny was joinable during the litigation.

**III.    The District Court Must Join Jenny if Joinable or Dismiss the Case**

Because Jenny was necessary and likely joinable, and the court failed to determine whether she was joinable and to subsequently join her, we must reverse. Rule 1-019 gives the court no discretion on this issue, as it states that when the party is necessary and joinable, the court "shall order that [s]he be made a party." We stated

7

in *G.E.W. Mechanical Contractors*, "[i]f a timely objection is made for non-joinder of a necessary party, when joinder is feasible, the claimant should be given an opportunity to add the non-joined person and if he fails to do so the claim should be dismissed." 115 N.M. 727, 731, 858 P.2d 103, 107 (internal quotation marks and citation omitted).

The district court never determined if Jenny was joinable, even though she was a necessary party. Moreover, it appears likely that the court would have personal jurisdiction over Jenny so as to join her. In the event that Jenny was joinable, the court should have ordered that Jenny be joined, allowed Appellee to join Jenny, or ordered the case be dismissed for failure to join a necessary party. Thus, we reverse and hold that the district court erred in failing to find that Jenny was necessary and in not evaluating whether Jenny was a joinable party, when ruling upon Appellant's motion to dismiss.

**CONCLUSION**

For these reasons, we reverse the district court's order of summary judgment. We remand to the district court to determine whether Jenny is joinable and to join Jenny to the litigation if she is in fact joinable.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**MICHAEL E. VIGIL, Judge**