703 P.2d 174

**Reymundo MAESTAS and Bella M. Pino, Plaintiffs-Appellees,**

v.

**BOARD OF TRUSTEES OF the ANTON CHICO LAND GRANT, et al., Defendants-Appellants.**

No. 15671.

Supreme Court of New Mexico.

July 18, 1985.

Michael L. Gregory, Las Vegas, for plaintiffs-appellees.

Robert L. Armijo, Las Vegas, for defendants-appellants.

## OPINION

FEDERICI, Chief Justice.

This suit was brought in the District Court of Guadalupe County by plaintiffs-appellees, Reymundo Maestas and Bella M. Pino (plaintiffs), to compel defendants-appellants, Anton Chico Land Grant Board of Trustees (the Board) and its five members (defendants) to renew a twenty-year grazing lease on 1,000 acres of common lands. The trial court entered judgment for plaintiffs, and defendants appeal. We affirm.

The lease was initially granted to Ventura Maestas in 1963 and by its terms was to expire July 13, 1983. After Ventura Maestas died in 1977, plaintiffs, two of Ventura Maestas' four heirs, continued to use the land. The other two heirs are not parties to this suit. In 1981, plaintiffs requested first preference to a renewal of the lease under Rule 7 of defendants' rules and regulations governing the leasing of common lands. Rule 7 provides: "When a lessee, under a current and existing lease, shall die, his heirs shall have first preference for a renewal prior to the expiration of the then existing term." After defendants indicated that plaintiffs would not be granted renewal of the lease, plaintiffs filed this action. The trial court determined that the plaintiffs were entitled to renew the grazing lease "upon the same terms and conditions as all other similar leases by the Board of Trustees of the Anton Chico Land Grant entered into with other persons leasing land from said Grant in the year 1983."

Defendants contend that the trial court lacked subject matter jurisdiction to order renewal of the lease. They claim that by statute the Board has the exclusive authority to grant leases. They also argue that the other two heirs were indispensable parties. We disagree.

We believe the primary issue presented by this case is not whether the trial court has the jurisdiction to order the Board to renew a lease, but rather whether the trial court may require the Board to follow its own rules and regulations in a nondiscriminatory and uniform manner. We believe it is fundamental that the trial court has such authority.

The Anton Chico Land Grant is governed by a Board of Trustees pursuant to the general provisions of NMSA 1978, Sections 49-1-1 to –19 (Orig.Pamp. and Cum. Supp.1983). The authority of the Board is entirely statutory. *Bibo v. Town of Cubero Land Grant*, 65 N.M. 103, 332 P.2d 1020 (1958). The principal function of the Board is to control, care for, manage, and govern the Grant and its common lands, and it may sue or be sued in its official capacity. NMSA 1978, § 49-1-3 (Cum.Supp.1983); *Sears v. Board of Trustees*, 83 N.M. 372, 492 P.2d 643 (1971). Section 49-1-3, in pertinent part, gives the Board the following general powers:

A. to control, care for and manage the grant and real estate, and to prescribe the terms and conditions under which the common lands thereof may be used and enjoyed, and *to make all necessary and proper rules and regulations* for the government thereof;

B. *to sue and be sued* under the title aforesaid;

C. to sell, convey, *lease* or mortgage so much of the land grant or real estate under its control as aforesaid as is held in common. (Emphasis added.)

In accordance with its statutory authority, the Anton Chico Land Grant Board of Trustees adopted rules and regulations to govern the leasing of common lands, the grazing of livestock, and the granting of lots. Rule 7 is one of the rules pertaining to the leasing of common lands.

A review of the record reveals that the standard practice of the Board was to allow the heirs of a decedent leaseholder to renew a lease. The first preference given to the heirs by Rule 7 was uniformly interpreted in favor of the heirs. The Secretary of the Board testified at trial that it was the general custom of the Board to allow the heirs to renew under Rule 7 and that he knew of *no cases* where the heirs had been denied renewal of a lease. The record further discloses that the Board had decided that upon expiration of the Ventura Maestas lease, the property would *not* be leased to the heirs of Ventura Maestas, but rather would go to four non-heirs. Furthermore, in their answer to the complaint, defendants admitted that the plaintiffs were heirs of Ventura Maestas, but that they, nevertheless, had refused to grant plaintiffs a renewal of the lease.

From the above evidence, it appears that although the Board had in the past uniformly applied Rule 7 in favor of renewal of a lease by the heirs of a decedent leaseholder, the Board, for unknown reasons, was not going to follow its own precedent and standard practice in this particular case.

■ A district court has the power to make certain that the Board has complied with the formalities of issuance of a lease authorized by the Board. NMSA 1978, § 49–1–11; *Mondragon v. Tenorio*, 554 F.2d 423 (10th Cir.), *cert. denied*, 434 U.S. 905, 98 S.Ct. 305, 54 L.Ed.2d 193 (1977). Similarly, the Board should be held accountable in state court when it denies a lease and in the process fails to follow its own rules and regulations in a uniform and nondiscriminatory manner. Community land grants are governed by the same rules of law as municipal corporations, because, although not corporations, they are in the nature of quasi-municipal corporations. *Bibo v. Town of Cubero Land Grant.* Just as a municipal legislative body is required to follow regulations which it has adopted, *Miller v. City of Albuquerque*, 89 N.M. 503, 554 P.2d 665 (1976), so too is a board of trustees of a land grant bound by its own rules, regulations, and established procedures. Established procedures should not be deviated from on an individual basis when no criteria or standards exist for differentiating one particular case from another. Although the grant of a lease is within the discretion of the Board, such discretion must be exercised reasonably and not arbitrarily.

■ A trial court, however, may not set the standards for issuance of a lease or the rental to be charged. *Mondragon v. Tenorio*. In the present case, the trial court's judgment correctly does not state the specific terms and conditions of the lease upon renewal, but rather states that the plaintiffs should be given a lease similar to those granted other persons in 1983. The trial court's judgment merely requires the Board to apply its own standards in a uniform and nondiscriminatory manner.

■ The trial court correctly determined that the other two heirs were not indispensable parties. Rule 7 applies only to those heirs who wish to claim the preference. It is unnecessary for all heirs to be joined when only some seek renewal of the lease.

■ Defendants also contend that the trial court's findings of fact Nos. 13 and 14 are not supported by the record. Defendants argue that the lease was never renewed in plaintiffs' names for the years 1981 and 1982 as stated in Finding 13, but rather, was allowed to continue for the remaining term as an asset in Ventura Maestas' estate. The record shows, however, that the estate proceedings had closed prior to the requested renewal; the trial court took judicial notice of the estate proceedings; and plaintiffs made payments on the lease for 1981 and 1982 which were accepted by the Board. Finding 13 is supported by substantial evidence and will not be disturbed on appeal. *See Sandoval v. Department of Employment Security*, 96 N.M. 717, 634 P.2d 1269 (1981).

Defendants claim that Finding 14 is based upon incompetent evidence, because the interrogatories upon which Finding 14 is founded were not offered or received into evidence. The interrogatories were propounded by plaintiffs and answered by defendants as part of the proceedings for the entry of judgment after defendants had objected to the judgment form submitted by plaintiffs. The interrogatories are entitled "Interrogatories in Aid of Judgment." Defendants sought to obtain a judgment that would state only that plaintiffs were entitled to first preference for renewal of the Maestas lease. The trial court, however, expressed the concern that the judicial proceeding on the matter could become a "mockery" if the Board, while claiming compliance with such a judgment, leased the property to other parties. On the other hand, the trial court was aware that it could not set the specific terms and conditions of a lease.

The interrogatories were suggested by plaintiffs and ordered by the trial court to provide some guidance in formulating a satisfactory judgment. It is clear from the record that defendants knew the trial court intended to consider the interrogatories in formulating the judgment, but did not object when the trial court ordered them.

Where the trial court alerts the parties of its intent to consider specific evidence, or requests the parties to submit matters for its consideration and the parties comply, making no objection to the use of such evidence or documents, the court's reliance on such evidence cannot be raised for the first time on appeal.

*Schall v. Schall,* 97 N.M. 665, 670, 642 P.2d 1124, 1129 (Ct.App.1982). Having failed to make a timely objection, defendants may not now obtain our review on this issue.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

STOWERS and WALTERS, JJ., concur.