2003-NMCA-120

78 P.3d 525

SHEARTON DEVELOPMENT COMPANY, L.L.C., A New Mexico Limited Liability Company, Plaintiff–Appellee,

v.

Group I: TOWN OF CHILILI LAND GRANT; Chilili Land Grant; Chilili Land Grant Board of Trustees; Chilili Cooperative Association, Inc.; Juan Sanchez, individually, and as President of Chilili Cooperative Association, Inc., as President of La Merced del Pueblo de Chilili, and as Chairman of Chilili Land Grant Board of Trustees; La Merced del Pueblo de Chilili; and Board of Trustees of La Merced del Pueblo de Chilili, Group II: Unknown Claimants of Interest in the Premises Adverse to the Plaintiff, Defendants–Appellants.

Nos. 22,441, 23,255.

Court of Appeals of New Mexico.

Aug. 6, 2003.

Certiorari Denied, No. 28,259, Oct. 8, 2003.

Narciso Garcia, Jr., Garcia Law Office, Albuquerque, NM, for Appellants.

Terry D. Farmer, Steven J. Hile, Moses, Dunn, Farmer & Tuthill, P.C., Albuquerque, NM, for Appellee.

*OPINION*

ROBINSON, Judge.

{1} The opinion filed in this case on July 8, 2003, is withdrawn and the following opinion is filed in its stead. The motion for rehearing is otherwise denied.

{2} Defendants appeal one district court order granting partial summary judgment to quiet title to a certain parcel of land in favor of Plaintiff and one final judgment quieting title to certain roads in Plaintiff. Defendants raise five issues on appeal: (1) whether the district court erred in precluding by collateral estoppel the relitigation of Defendants' argument that the Chilili Land Grant Board of Trustees (Board) lacks the power to sue and be sued, (2) whether the Board does possess the power to sue and be sued, (3) whether the heirs of the land grant are necessary parties to the action, (4) whether the district court erred in granting summary judgment in favor of Plaintiff as to the parcel of land, and (5) whether the district court erred in quieting title to the roads in Plaintiff. We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

{3} Plaintiff Shearton Development Co., LLC (Plaintiff) purchased property, known as Sundance Mountain Ranches (Sundance), at a foreclosure sale. Plaintiff filed a complaint seeking a quiet title decree for that property, damages for slander of title and trespass, ejectment, recovery of property, injunctive relief, and, alternatively, inverse condemnation. The first amended complaint named two sets of Defendants. Group I Defendants included the Town of Chilili Land Grant, various entities that have managed the Chilili Land Grant, and Juan Sanchez, who has headed each managing entity. This opinion refers to Group I Defendants collectively as "Defendants." Group II Defendants were named as the "Unknown Claimants of Interest in the Premises Adverse to the Plaintiff." The Group II Defendants failed to appear, plead, or otherwise defend the action, and the district court entered a final default judgment against them.

{4} Defendants filed a motion to dismiss on the grounds that the district court did not have jurisdiction over them because the Chilili Land Grant's creating statute, NMSA 1978, §§ 49–4–1 to –3 (1876, as amended through 1943), does not expressly confer upon the Board the power to sue or be sued. The district court denied Defendants' motion to dismiss, finding that Defendants often invoke state court jurisdiction; that no appellate court has sua sponte denied jurisdiction over the Chilili Land Grant; and that the district court has jurisdiction over the Board, which has the power to sue and be sued on behalf of the Chilili Land Grant, a power necessarily implied from the express statutory grants of authority to pass ordinances and to sell and convey real property.

{5} Plaintiff filed a motion for partial summary judgment to quiet title and, as alluded to earlier, for default judgment against the Group II Defendants. In its memorandum in support of summary judgment, Plaintiff sought to summarily quiet its title in what it simply calls "Shearton Property," land which the complaint's attached exhibits describe in terms of numbered lots and in metes and bounds. The district court entered a default judgment against the Group II Defendants and granted partial summary judgment to quiet title to the Shearton Property in Plaintiff, resolving several, but not all, of the claims contained in the complaint.

{6} The district court's judgment, among other things, resolved that it has jurisdiction over the subject matter and parties to the action; that collateral estoppel bars Defendants from relitigating the jurisdictional issues; that the heirs of the Chilili Land Grant are neither real parties in interest, nor necessary and proper parties; and that Plaintiff is the owner in fee simple and rightful possessor of the Shearton Property. In its order, the district court retained jurisdiction over the remaining counts set forth in Plaintiff's first amended complaint.

{7} The hearing in *Shearton Dev. Co. v. Chilili Land Grant*, No. 22,441 (*Shearton I*) revealed that determining ownership of certain portions of the property was complicated by the fact that the parties were describing the property differently. Plaintiff used num-

bered lots and metes and bounds; Defendants used numbered tracts and maps. In addition to challenging Plaintiff's overall title to the Shearton Property, Defendants also claimed ownership of certain roads they described as Tract 8, Map 21, Tract 18, Map 26, and "portion[s] of Sundance Kid Road," which Defendants believed were included in the property Plaintiff claimed to have purchased at the foreclosure sale. Although the partial summary judgment order quieted title in Plaintiff to virtually all of the Shearton Property, the district court did not grant summary judgment concerning the ownership of the roads allegedly within the Shearton Property, finding genuine issues of material fact that would require further argument at a separate hearing. While the partial summary judgment order did not resolve all outstanding claims, Defendants nevertheless filed a notice of appeal from the order granting partial summary judgment. *See Shearton I.*

{8} Subsequently, the district court held a separate hearing to determine whether Plaintiff's title included the roads identified by Defendants as "portions of Sundance Kid Road," Tract 8, Map 21, and Tract 18, Map 26. After hearing evidence and oral argument, the district court ruled that Plaintiff owned the roads and tracts in fee simple, and it retained jurisdiction over the remaining counts of Plaintiff's first amended complaint. Defendants then filed a second notice of appeal. *See Shearton Dev. Co. v. Chilili Land Grant*, No. 23,255 (*Shearton II*). Ultimately, the district court dismissed Plaintiff's remaining counts with prejudice. Now that all claims have been resolved below, we proceed to address the issues raised in *Shearton I* and *Shearton II* in this consolidated opinion.

## DISCUSSION

### A. Whether the Board Has the Power to Sue and Be Sued

{9} In its reply to Defendants' response to the motion for summary judgment in *Shearton I*, Plaintiff argued that a recent judgment from the district court collaterally estopped Defendants from arguing that the Board lacked the power to sue and be sued. The district court ruled that the doctrine of collateral estoppel barred Defendants from relit-

igating this issue, and that, even if it did not, the Board had the power to sue and be sued.

{10} Defendants continue to raise their argument that the issue of whether the Board has the power to sue and be sued is a pure question of law to which the doctrine of collateral estoppel does not apply. However, because we conclude that the Board has the power to sue and be sued, we need not decide whether the prior conclusion of law on the identical issue can be collaterally binding on this subsequent case.

{11} Defendants argue that the Board lacks the capacity to sue and be sued because the Board has only those powers expressly conferred to it by the Chilili Land Grant's creating statute, Sections 49–4–1 to –3, and the statute does not enumerate the Board's power to sue and be sued. In support of their argument, Defendants refer to *Merrifield v. Buckner*, 41 N.M. 442, 70 P.2d 896 (1937). In that case, our Court quieted title to certain lands in the Board, holding that because its creating statute did not grant the Board the power to sell or convey land nor could these powers be implied from those granted, all deeds conveyed by it were void. *Id.* at 447, 70 P.2d at 899. The Court further held that the general statutes providing for the management of community land grants, which confer the power to sell and convey real property, do not apply to Chilili since the legislature had already prescribed its powers. *Id.* Six years after this case was handed down, the legislature amended the statute to include among the Board's powers the authority to sell and convey real property. *See* 1943 N.M. Laws, ch. 47 § 1.

{12} In the case at hand, the district court, in its order denying Defendants' motion to dismiss, concluded that the Board's power to sue and be sued is necessarily implied from the express legislative grant of authority to pass ordinances and to sell and convey real property. We agree.

{13} Although it is not incorporated, the Board is a legally recognized entity designated by statute to act on behalf of the people of Chilili and has the capacity to sue by implication. *See Brown v. United States*, 276 U.S. 134, 141, 48 S.Ct. 288, 72 L.Ed. 500 (1928) (recognizing that absence of a statutory provision allowing an unincorporated association the capacity to sue and be sued is not always determinative because a suit may be maintained against such an association by virtue of a necessary implication arising from the pertinent statutes); *see also* 6 Am.Jur.2d *Associations and Clubs* § 52 (1999). In *Brown,* the United States Supreme Court held that the provisions of the Sherman Anti–Trust Act proscribing criminal and civil liability for contracts made in a conspiracy to restrain interstate and foreign trade created an implication that a voluntary, unincorporated association may be prosecuted and sued in its common name. *Brown,* 276 U.S. at 141–42, 48 S.Ct. 288; *see also Teubert v. Wis. Interscholastic Athletic Ass'n,* 8 Wis.2d 373, 99 N.W.2d 100, 101–02 (1959) (affirming the denial of an athletic association's motion to dismiss the action for its lack of capacity to be sued, holding that although the unincorporated entity's creating statute did not by its terms grant the power to sue and be sued, the association's power to contract and borrow money in its own name implied the legal obligation to become liable on its contracts and debts).

{14} In this case, the creating statute allowing the Board to sell and convey land necessarily implies that the Board be able to assert its title to real property as the sole title holder. Further, the quiet title statute states that "[a]n action to determine and quiet the title of real property may be brought ... against any person or persons, claiming title" NMSA 1978, § 42–6–1 (1951); *cf.* Rule 1–017(A) NMRA 2003 (requiring that a suit be brought by the real party in interest). Because the Board claims an ownership interest in the property in which Plaintiff seeks to quiet title, the Board is necessarily vulnerable to the process of the district court. *Cf. Maestas v. Bd. of Trs.,* 103 N.M. 77, 79, 703 P.2d 174, 176 (1985) (stating that "the Board should be held accountable in state court" for the failure to follow its own rules in a uniform and nondiscriminatory manner).

{15} If we were to accept Defendants' argument, then the Board would enjoy a *form of sovereign immunity, conferred to no other board of a land grant and rivaled only*

by the broad immunity of our state and federal governments. Such a holding would be an absurdity, *Brown,* 276 U.S. at 142, 48 S.Ct. 288, and we refuse to interpret statutes to create an absurd result. *Chavez v. Mountain States Constructors,* 1996–NMSC–070, ¶ 24, 122 N.M. 579, 929 P.2d 971 ("we will avoid any literal interpretation that leads to an absurd or unreasonable result").

## B. Whether the Heirs of the Land Grant are Necessary Parties to the Suit

{16} Having determined that the Board has the capacity to sue and be sued, we next consider whether the district court erred in concluding that the heirs of the land grant were not necessary parties to the action. The district court's jurisdictional and procedural ruling is a legal conclusion, which we review de novo. *See Martinez v. Segovia,* 2003–NMCA–023, ¶ 9, 133 N.M. 240, 62 P.3d 331.

{17} To conclude that the heirs are mandatory parties needed for a just adjudication in this suit, Defendants must establish: (1) that the heirs are necessary to the litigation; (2) that joinder is possible; and (3) that if joinder is not possible, the heirs are indispensable, such that, "in equity and good conscience," the litigation should be dismissed. *See Gallegos v. Pueblo of Tesuque,* 2002–NMSC–012, ¶ 39, 132 N.M. 207, 46 P.3d 668 (quoting Rule 1–019(A),(B) NMRA 2003).

{18} To support their argument on appeal, Defendants equate the land grant with a trust and the unnamed heirs with the beneficiaries of a trust, and rely on a 1950 annotation to argue that beneficiaries are generally necessary parties. W.W. Allen, Annotation, *Trust Beneficiaries as Necessary Parties to Action Relating to Trust or its Property,* 9 A.L.R.2d 10, 1950 WL 7093 (1950).

{19} First, our Supreme Court has already determined that the Town of Chilili, through the Board, holds title to grant land "unburdened with any trust for heirs." *Moya v. Chilili Coop. Ass'n,* 87 N.M. 99, 102, 529 P.2d 1220, 1223 (1974). The Court explained that the individual residents of the Chilili Land Grant of 1841 obtained no property interest in the common lands by the 1909 patent from the United States. *Id.* at 101–02, 529 P.2d at 1222–23. Therefore, it follows that the heirs of those individual residents also have no interest in the common lands, and cannot be regarded as beneficiaries of a trust. Thus, to the extent that Defendants base their argument on the heirs' status as beneficiaries, the heirs of the land grant cannot be necessary and indispensable to this litigation involving land.

{20} Even assuming that the land grant is a trust and the heirs the beneficiaries, the heirs would not be necessary parties because this Court rejected the earlier rule found in the annotation, and has held that beneficiaries of a trust are not generally necessary parties. *Armendaris Water Dev. Co. v. Rainwater,* 109 N.M. 71, 74, 781 P.2d 799, 802 (Ct.App.1989). In *Armendaris,* this Court adopted the proposition that "the trustee may represent the beneficiary as in all actions relating to the trust, if rights of the beneficiary against the trustee, or the rights of the beneficiaries among themselves, are not brought into question." *Id.* at 74, 781 P.2d at 802 (internal quotation marks and citation omitted). Consistent with this opinion, the Board may represent the Town of Chilili Land Grant in this quiet title suit, and may do so as the sole title holder to the common property, without the heirs, by virtue of the Board's principal function—to "hold title to and manage common lands." *Moya,* 87 N.M. at 103, 529 P.2d at 1224 (internal quotation marks and citations omitted). Indeed, Defendants have never claimed that their role in this quiet title action is contrary to the interests of the heirs or that the heirs have competing interests that Defendants are incapable of representing. Accordingly, we hold that the district court properly concluded that the heirs of the land grant are not necessary and indispensable parties to this action.

## C. Whether Genuine Issues of Material Fact Precluded Partial Summary Judgment

{21} Defendants assert that the following three claims created factual disputes as to material facts, which should have precluded the entry of partial summary judgment: (1)

that Defendants have an interest in the Shearton Property "by way of attempted purchase" at the foreclosure sale, (2) that a prior quitclaim deed conveyed to Defendants some right, title, or interest in the property, and (3) that the Defendants claim ownership of the roads within the Shearton Property subdivision. "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. The issue on appeal is whether [Plaintiff] was entitled to [judgment] as a matter of law. We review these legal questions de novo." *Self v. United Parcel Serv., Inc.*, 1998–NMSC–046, ¶ 6, 126 N.M. 396, 970 P.2d 582.

■ {22} First, Defendants assert that their claimed interest in the Shearton Property by way of attempted purchase at the foreclosure sale, where Plaintiff bought the property from Sundance, established a genuine issue of disputed material fact precluding the entry of summary judgment. In particular, Defendants maintained below that they were entitled to notice of the foreclosure sale, but did not receive adequate notice. As a result, Defendants contend they were improperly precluded from attempting to purchase the Shearton Property at the foreclosure sale. However, defense counsel admitted at the summary judgment hearing that Defendants' challenge to the foreclosure sale was raised in an improper forum and was an improper collateral attack on the foreclosure judgment. *In re Estate of Baca*, 95 N.M. 294, 296–97, 621 P.2d 511, 513–14 (1980) (reaffirming the rule that permits a judgment to be collaterally attacked only upon a finding that the judging court lacked jurisdiction such that the judgment was void); *Ballew v. Denson*, 63 N.M. 370, 372–73, 320 P.2d 382, 383 (1958). Because defense counsel conceded that this action was an improper forum and because there is no indication that Defendants challenge the jurisdiction of the court that approved the foreclosure sale, we hold that the district court properly found that Defendants' challenge to the foreclosure sale did not present a genuine issue of material fact, precluding summary judgment. *See DeMatteo v. Simon*, 112 N.M. 112, 114, 812 P.2d 361, 363 (Ct.App.1991) (finding that the defendants failed to preserve and "waived any right to complain of the trial court's alleged error" in admitting evidence when they conceded at trial that certain evidence was admissible).

■ {23} Second, Defendants assert that the district court erred when it found that Defendants presented no issue of disputed fact when they asserted a claim to the Shearton Property on a prior quitclaim deed from the Gonzales family. Defendants attempted to create a factual dispute by submitting an affidavit which stated that the deed quitclaimed all the Gonzales's interest to the Chilili Land Grant. However, the affidavit attested to the deed's mere existence rather than to its legal effect. Moreover, the validity of the Gonzales quitclaim deed has already been adjudicated in *Gonzales v. Gutierrez*, No. CV–84–01778 (Bernalillo County District Court, Sept. 2, 1994), which concluded that the Gonzaleses had no right, title, or interest in the real property at issue in this case. Therefore, Defendants failed to establish a factual issue because the legal effect of the deed was already determined in a prior lawsuit and is not subject to collateral attack. *See City of Socorro v. Cook*, 24 N.M. 202, 204, 173 P. 682, 684 (1918) (holding that the judgment as to the title in a prior litigation was not subject to collateral attack and the question of right to title is res judicata).

{24} Third, Defendants argue that there were genuine issues of material fact as to the ownership of the roads within the Shearton Property subdivision. However, Defendants appear to be confused by the issues actually determined by the order of partial summary judgment. The district court forbade the parties from fully developing testimony and argument as to ownership of the roads in the summary judgment hearing after realizing that material facts were still in dispute. At the hearing, the district court determined that Plaintiff successfully quieted its title to the land, which the parties described by different forms of measurement, and which may or may not have included the disputed roads. Because Defendants believed that the property Plaintiff described in its first amended complaint contained at least one tract of land in which Defendants claimed an interest, and

because Plaintiff did not agree that any of the tracts were physically located within the property, the district court discovered a factual dispute precluding its resolution at the hearing on Plaintiff's motion for partial summary judgment.

{25} Consequently, the district court held a second hearing to develop the disputed facts and render its judgment as to the location and ownership of the roads. Accordingly, we deal with the merits of Defendants' claim below.

## D. Whether the District Court Erred in Quieting Title to the Roads in Plaintiff

### i. The Chain of Title

{26} Plaintiff contends that the property involved in this case, what Plaintiff calls "Shearton Property," is a portion of a larger tract of land known as the Townsend Brothers Property and is located within the original boundaries of the Town of Chilili Land Grant. The Townsend Brothers Property is comprised of three parcels: (1) the Mistretta Parcel, (2) the Barela Parcel, and (3) the Chilili Parcel. The property specifically disputed in these cases was found to be located in the Mistretta Parcel.

{27} The Townsend Brothers acquired the Mistretta Parcel by warranty deed from Mr. and Mrs. Mistretta in 1966, who, in the same year, quieted their title in the parcel against the Board and the Chilili Cooperative Association, among others, in *Mistretta v. Group I Board of Trustees of the Chilili Land Grant*, No. A17264 (Bernalillo County District Court, August 26, 1966). Thereafter, the Townsend Brothers conveyed by warranty deed portions of the Mistretta Parcel to Sundance.

{28} In 1988, in *Chilili Cooperative Ass'n v. Sundance Mountain Ranches, Inc.*, No. CV–85–0919 (Bernalillo County District Court, Oct. 3, 1988), the district court granted Sundance partial summary judgment after Chilili Cooperative Association failed to establish any right, title, or interest in the Mistretta Parcel. In that case, the district court ruled that Chilili Land Grant acquired no right to the land from the Gonzales quit-

claim deed, because the deed was declared null and void in *Gonzales v. Gutierrez*, No. CV–85–01778. All claims on behalf of the Chilili Cooperative Association in the 1988 lawsuit against Sundance were subsequently dismissed with prejudice. At a foreclosure sale, Plaintiff purchased part, if not all, of the Mistretta Parcel from Sundance, and, in 1996, acquired title by special master's deed.

{29} Defendants do not challenge that the Townsend Brothers acquired title to the three parcels, including the Mistretta Parcel, which Defendants acknowledge was quieted in the Townsend Brothers in the 1966 title suit. Further, Defendants do not dispute that Sundance acquired the Shearton Property, which Plaintiff purchased. Defendants claim that certain tracts of land within the property Plaintiff claims were portions of the original land grant that were never conveyed out of Chilili. In support of their claim, Defendants submitted affidavits claiming that in 1944, in *Chilili Cooperative Ass'n v. Armenta*, No. 31,665 (Bernalillo County District Court, Nov. 3, 1944), the Chilili Cooperative Association quieted its title to the land within the existing boundaries of the Chilili Land Grant, including the roads at issue in this case. Finally, Defendants complete their claimed chain of title with a 1989 quit-claim deed, by which the Chilili Cooperative Association conveyed land, including the disputed tracts, to the Board.

### ii. Quieting Title to the Roads

{30} Defendants argue that the disputed roads were not specifically designated in Plaintiff's chain of title, beginning with the Mistretta Parcel quiet title decree. To support their argument, Defendants make much of Plaintiff's initial position at the hearing in *Shearton I*, in which Plaintiff did not believe that the disputed tracts were within the Shearton Property. Defendants, however, fail to acknowledge that the district court expressly refused to make findings as to the location and ownership of the tracts in *Shearton I*, indicating that it did not consider Plaintiff's position conclusive. Further, the district court clearly stated in its *Shearton II* judgment that Plaintiff's initial position was not conclusive. We find no error in the

district court's refusal to consider Plaintiff's initial belief as an admission or concession of any kind.

{31} Aside from arguing that Plaintiff conceded that it had no interest in the disputed roads, Defendants also argue that Plaintiff failed to demonstrate that the roads were described within the documents comprising Plaintiff's chain of title. Plaintiff argues that although there was no title record describing the disputed roads in the specific numbered tracts used by Defendants, the roads were actually within the metes and bounds description in the Mistretta Parcel quiet title decree, which quieted title in Plaintiff's predecessor in interest and to which Defendants were bound. In support of its contention, Plaintiff presented the unrebutted testimony of Timothy Oden, an expert surveyor, who physically and mathematically tracked the metes and bounds description in the Mistretta Parcel quiet title decree, and found that the disputed roads were contained in that description. After weighing the evidence, the district court found that the disputed roads were, in fact, within the metes and bounds description set forth in the Mistretta Parcel quiet title decree.

■ {32} Defendants argue that when most of the evidence is documentary, the standard of review is de novo. Defendants' argument, however, overlooks that the district court relied on the surveyor's testimony to decide a question of fact. We review this finding for substantial evidence. *See Pucci Distrib. Co. v. Nellos,* 110 N.M. 374, 377, 796 P.2d 595, 598 (1990) (engaging in substantial evidence review after refusing to ignore testimonial evidence presented and focus solely on certain documents). "Substantial evidence is such relevant evidence that a reasonable mind would find adequate to support a conclusion." *Landavazo v. Sanchez,* 111 N.M. 137, 138, 802 P.2d 1283, 1284 (1990).

■ {33} Because the district court relied on Plaintiff's expert testimony, we hold that substantial evidence supports the district court's finding that the disputed tracts are, in fact, contained within the metes and bounds description in Plaintiff's chain of title. *See Lamkin v. Garcia,* 106 N.M. 60, 62, 738 P.2d 932, 934 (Ct.App.1987) (affirming fact-finder's reliance on unrebutted testimony).

{34} Defendants argue that even if the tracts are within the metes and bounds descriptions, the preamble of the Mistretta Parcel quiet title decree reflects the parties' intentional omission of the disputed tracts and controls over the metes and bounds descriptions. The preamble contains several lists of numbered tracts, which do not include those tracts that Defendants argue contain the disputed roads. The lists of tracts are followed by explanations stating that "[t]he real estate aforesaid being more particularly described by metes and bounds as follows, to-wit." It is within those metes and bounds descriptions that the district court found that the roads were actually located.

{35} Plaintiff argues that by its own terms the preamble reflects an intention to more particularly describe the property in metes and bounds, and that the more specific description controls over a conflicting general one. Again, the district court ruled in favor of Plaintiff, concluding that the parties to the Mistretta Parcel quiet title decree intended to include the disputed roads, and did so in the more specific metes and bounds legal descriptions of the title's metes and bounds, not its preamble.

{36} On appeal, Defendants misrepresent the testimony of the surveyor, alleging that he testified to the parties' intentional omission of the tracts from the decree's description. Rather, the surveyor clarified that the omission may have been accidental or intentional, concluding that he did not have an opinion about it. Defendants did not offer any evidence of the parties' intentions in describing the property both in tracts and in metes and bounds. As a result, the district court was free to disregard counsel's argument that the parties intended that the tract numbers in the preamble would control. *See Durham v. S.W. Developers Joint Venture,* 2000–NMCA–010, ¶ 44, 128 N.M. 648, 996 P.2d 911 (stating that issues involving intent generally involve questions of fact); *see also In re Application of Metro. Invs., Inc.,* 110 N.M. 436, 441, 796 P.2d 1132, 1137 (Ct.App. 1990) (stating that "arguments of counsel are not evidence" and cannot establish facts).

{37} Without extrinsic evidence of the parties' intentions, the district court construed the face of the decree, and concluded that the specific metes and bounds descriptions control the general descriptions found in the preamble of the decree. We agree with the district court's construction and follow the well-established rule of law that the more specific description of the property will prevail over a conflicting general description, in order to arrive more closely at the intentions of the parties. *See Iselin v. C.W. Hunter Co.*, 173 F.2d 388, 393 (5th Cir.1949) (holding that the description by metes and bounds will control an inconsistent general description in a deed); *Jordan v. Tinnin*, 342 So.2d 748, 753 (Ala.1977) (applying principle to deed construction); *Hancock v. Planned Dev. Corp.*, 791 P.2d 183, 185 (Utah 1990) (recognizing the rule of law, but noting that it will not control when the intentions of the parties are otherwise); 12 Am.Jur.2d *Boundaries* § 60 (1997); 23 Am.Jur.2d *Deeds* § 249 (1997).

{38} Accordingly, we hold that the district court properly quieted title to the disputed roads in Plaintiff.

## CONCLUSION

{39} For the foregoing reasons, we affirm the district court's grant of partial summary judgment quieting title to the Shearton Property in Plaintiff. We also affirm the district court's judgment quieting title to the roads in Plaintiff.

{40} **IT IS SO ORDERED.**

WE CONCUR: LYNN PICKARD and RODERICK T. KENNEDY, Judges.