This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39427**

**MARTHA E. MONTOYA-TRUJILLO and
ALEX TRUJILLO,**

Plaintiffs-Appellees,

v.

**OLIVIA CALABACA, et al.,**

Defendants,

and

**GILBERT E. MONTOYA, SR. and
GILBERT E. MONTOYA, JR.,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Brian P. Biedscheid, District Judge**

Law Offices of Patricia J. Turner, P.A.
Patricia J. Turner
Santa Fe, NM

for Apellees

Robert Richards
Santa Fe, NM

for Appellants

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Defendants-Appellants Gilbert E. Trujillo Sr. and Gilbert E. Montoya Jr. (Defendants) appealed following the entry of an award of summary judgment. We

previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendants have filed a memorandum in opposition, and Plaintiffs have filed a response in support. After due consideration, we remain unpersuaded by the assertions of error. We therefore affirm.

**{2}**   Most of the relevant background information and legal principles have previously been set forth. We will avoid undue reiteration here, and focus instead on the content of the memorandum in opposition.

**{3}**   First and foremost, Defendants contend that the district court erred in granting summary judgment to Plaintiffs with respect to their counterclaim. [MIO 1-28] Defendants assert that the basis for their counterclaim (*i.e.*, the alleged existence of one or more encroachments) was disputed, such that summary judgment was precluded. [MIO 1-28] Defendants' arguments are presented both in the form of recurrent generalities and in a series of more specific subarguments. We will begin with the former.

**{4}**   As Defendants observe, [MIO 2-3] the district court's ruling constituted an award of summary judgment, which required a demonstration that there was no genuine issue as to any material fact and that Plaintiffs were entitled to a judgment as a matter of law. *See* Rule 1-056(C) NMRA. Only a *genuine* dispute of material fact operates as an impediment to summary judgment. *See Rivera v. Trujillo*, 1999-NMCA-129, ¶ 8, 128 N.M. 106, 990 P.2d 219 ("Rule 1-056(C) requires that the claimed dispute of fact be *genuine*."). Contrary to Defendants' adamant assertions, [MIO 1, 2, 5, 6, 7, 11, 12, 18, 19-20, 22, 23, 28-29, 33] the movant is *not* required to affirmatively establish that the facts are wholly undisputed. *See Horne v. Los Alamos Nat'l Sec., L.L.C.*, 2013-NMSC-004, ¶ 14, 296 P.3d 478 ("The movant need not demonstrate beyond all possibility that no genuine factual issue existed." (internal quotation marks and citation omitted)). Rather, a movant may satisfy their initial burden by presenting a prima facie case, which typically entails either coming forward with evidence sufficient to raise a presumption or establish the fact in question unless rebutted, *see Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶ 10, 148 N.M. 713, 242 P.3d 280, or negating an essential element of the nonmoving party's case by demonstrating complete failure of proof. *See Kreutzer v. Aldo Leopold High Sch.*, 2018-NMCA-005, ¶ 29, 409 P.3d 930.

**{5}**   In this case, as described in the calendar notice [CN 4-5] and below, [*infra* pp. 6-8] Plaintiffs made the requisite initial showing. Consequently, the burden shifted to Defendants "to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Romero*, 2010-NMSC-035, ¶ 10 (internal quotation marks and citation omitted). Their failure to do this was largely outcome-determinative. [RP 1073]

**{6}**   Defendants contend that their failure to respond, while relevant under Rule 1-007.1 NMRA and Rule 1-008 NMRA, cannot support the award of summary judgment. [MIO 1, 3, 21-23, 28, 34] This is only partially accurate. Although a nonmoving party's failure to timely respond cannot supply the *sole basis* for granting a motion for summary

judgment, in the absence of a response the district court may grant summary judgment if the moving party has made a prima facie showing. *See Freeman v. Fairchild*, 2018-NMSC-023, ¶¶ 17, 21, 416 P.3d 264. That is what transpired in this case.

**{7}** Against the backdrop of these foregoing principles, we will now proceed to address the more specific subarguments.

**{8}** Defendants renew their argument that the district court was precluded from granting Plaintiffs' motion for summary judgment by the doctrine of law of the case. [MIO 7-11] However, as previously described in the notice of proposed summary disposition, [CN 2-3] a ruling on a potentially dispositive motion that is issued in the early stages of litigation does not preclude the district court from subsequently granting a similar motion or reconsidering its prior ruling. *See Laughlin v. Convenient Mgmt. Servs., Inc.*, 2013-NMCA-088, ¶ 23, 308 P.3d 992 (observing that the law of the case doctrine does not prohibit the district courts from reviewing their interlocutory rulings). Accordingly, the district court was at liberty to entertain and grant Plaintiffs' motion for summary judgment, notwithstanding the fact that a similar motion had been denied at an earlier stage of the proceedings. *See, e.g.*, *Tabet Lumber Co. v. Romero*, 1994-NMSC-033, ¶ 6, 117 N.M. 429, 872 P.2d 847 ("The district court has the inherent authority to reconsider its interlocutory orders, and . . . [the] denial of a motion for summary judgment is an interlocutory order . . . therefore, the district court could properly reconsider its previous ruling notwithstanding the fact that a different judge had issued that ruling" (internal quotation marks and citations omitted)); *Bell v. N.M. Interstate Stream Comm'n*, 1996-NMCA-010, ¶¶ 12-17, 121 N.M. 328, 911 P.2d 222 (holding that "the trial court has the authority to reconsider its interlocutory orders, and . . . the . . . denial of a motion for summary judgment is an interlocutory order" (citation omitted)).

**{9}** Defendants contend that the foregoing observations and authorities somehow imply characterization of Plaintiffs' motion for summary judgment as a motion for reconsideration. [MIO 8-10, 21, 24, 33] They do not. The references to reconsideration merely reflect the authority of the district courts to entertain arguments which have previously been considered, to adjust their assessments, and ultimately to arrive at any appropriate disposition. That authority extends to all manner of interlocutory determinations, including rulings on motions for summary judgment. *See id.*

**{10}** Defendants further argue that the district court should not have entertained Plaintiffs' motion for summary judgment absent a determination that Plaintiffs' prior motion had been erroneously denied. [MIO 9-11] However, the initial motion was not resolved on the merits; it was denied because it had been filed early in the proceedings, before discovery had been conducted. [RP 738-39] *See generally Sun Country Sav. Bank of N.M., F.S.B. v. McDowell*, 1989-NMSC-043, ¶ 27, 108 N.M. 528, 775 P.2d 730 ("[A] court should not grant summary judgment before a party has completed discovery."). By the time the second motion for summary judgment was filed, that opportunity had been fully afforded. Accordingly, the district court's dissimilar rulings on the successive motions were simply reflective of the due course of the litigation.

**{11}** Next, Defendants reiterate their argument that summary judgment was improperly granted because there was a dispute of material fact. [MIO 11-28] However, Defendants fail or refuse to acknowledge that Plaintiffs' prima facie showing shifted the burden to them to affirmatively demonstrate the existence of such a dispute, which is something they failed to do. *See generally Romero*, 2010-NMSC-035, ¶ 10 (observing that once a prima facie showing is made, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits); *Little v. Baigas*, 2017-NMCA-027, ¶ 6, 390 P.3d 201 ("During summary judgment proceedings, a party cannot rely on allegations of the complaint or argument that facts may exist, but instead must provide evidence to justify a trial on the issues and that gives rise to reasonable inferences."). "The non-movant cannot meet this burden with allegations or speculation but must present admissible evidence demonstrating the existence of a genuine issue of fact requiring trial." *Kreutzer*, 2018-NMCA-005, ¶ 27; s*ee also* Rule 1-056(C), (E); *Romero*, 2010-NMSC-035, ¶ 10.

**{12}** Defendants attempt to avoid this by contending that Plaintiffs failed to make a prima facie showing. [MIO 12-13] However, Plaintiffs' motion for summary judgment and reply in support, together with the associated affidavits of the surveyor describing his findings following his personal inspection of both the property and the public records, as well as his completion of a duly recorded survey, were sufficient to shift the burden to Defendants to respond with affidavits or other admissible evidence materially disputing Plaintiffs' showing. [RP 668-70, 961-1018, 1065-72] *See, e.g.*, *Fischer v. Mascarenas*, 1979-NMSC-063, ¶¶ 3, 8, 93 N.M. 199, 598 P.2d 1159 (indicating that the uncontradicted affidavit of a surveyor was effectively conclusive, for purposes of summary judgment, with respect to matters upon which the surveyor opined). *See generally Goodman v. Brock*, 1972-NMSC-043, ¶ 8, 83 N.M. 789, 498 P.2d 676 (observing that a prima facie showing is evidence that, if unrebutted, permits a fact-finder to find the fact in question). Contrary to Defendants' assertions, [MIO 13] the fact that the surveyor reviewed public records which were not attached to his affidavit does not render his opinion unfounded or deprive his affidavit of evidentiary value. *See generally* Rule 11-602 NMRA ("A witness [or affiant] may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony."); *City of Rio Rancho v. Amrep Sw., Inc.*, 2011-NMSC-037, 150 N.M. 428, ¶ 30, 260 P.3d 414 ("Where open possession can be attributed to the owner of record, '[a]n investigator may certainly rely upon the truth of the recitals of a record, where they are specific.'" (quoting *Smith & Ricker v. Hill Bros.*, 1913-NMSC-004, ¶ 37, 17 N.M. 415, 134 P. 243 (1913)). *Cf. Shearton Dev. Co., L.L.C. v. Town of Chilili Land Grant*, 2003-NMCA-120, ¶¶ 31-33, 134 N.M. 444, 78 P.3d 525 (upholding the district court's reliance on unrebutted testimony of surveyor who had physically examined the relevant property, notwithstanding the absence of title records directly addressing the matter in question).

**{13}** Defendants further assert that it was "obvious that there were disputed facts," [MIO 12] based on the counterclaim itself, their response to Plaintiffs' earlier motion(s), and the motion for reconsideration that Defendants later filed. [MIO 14-18] However, the

allegations in the counterclaim supply no basis for resisting Plaintiffs' prima facie showing. *See Rivera v. King*, 1988-NMCA-093, ¶ 15, 108 N.M. 5, 765 P.2d 1187 (explaining that a "party resisting summary judgment cannot stubbornly rely on pleading[s] once [the] moving party makes [a] prima facie showing, but must come forward and demonstrate evidence is available to justify [the] trial on issue"), *limited on other grounds by Williams v. Cent. Consol. Sch. Dist.*, 1998-NMCA-006, ¶ 14, 124 N.M. 488, 952 P.2d 978. Defendants' unverified response in opposition to Plaintiffs' prior motion for summary judgment is similarly unavailing, particularly insofar as Defendants made no effort either to establish the admissibility or to explain the relevance of the various attachments. *See Juneau v. Intel Corp.*, 2006-NMSC-002, ¶ 15, 139 N.M. 12, 127 P.3d 548 ("On summary judgment, the non-movant may not rest on the pleadings, but must demonstrate genuine issues of material fact by way of sworn affidavits, depositions, and similar evidence."); *Buke, LLC v. Cross Country Auto Sales, LLC*, 2014-NMCA-078, ¶ 21, 331 P.3d 942 ("The non-movant may not rely on allegations or speculation, but must come forward with *admissible evidence* demonstrating a genuine issue requiring trial." (emphasis added)); *Schmidt v. St. Joseph's Hosp.*, 1987-NMCA-046, ¶ 4, 105 N.M. 681, 736 P.2d 135 (recognizing that Rule 1-056 "expedite[s] litigation" by providing a procedure to "determin[e] whether a party has competent evidence to support his pleadings"). And, contrary to Defendants' assertions, [MIO 24-27] the district court was not required to consider the materials belatedly submitted in association with their motion for reconsideration. *See Deaton v. Gutierrez*, 2004-NMCA-043, ¶¶ 9-10, 135 N.M. 423, 89 P.3d 672 (observing that the district courts may exercise discretion not to consider newly-submitted material presented in association with motions for reconsideration, and upholding the denial of such a motion, which was merely a restatement of arguments previously advanced against granting summary judgment with new documentation attached). Although Defendants contend that they were unable to present the additional material earlier due to a medical emergency, the record makes clear that the putative witness was only engaged *after* the district court had announced its decision to grant Plaintiffs' motion for summary judgment. [RP 1078, 1091, 1106] Defendants offer no explanation for their failure to seek or obtain viable evidentiary support for their position over the course of the *years* that elapsed between the filing of Plaintiffs' motions for summary judgment and the district court's ultimate disposition. Under the circumstances, the district court acted well within its discretion in declining to consider Defendants' untimely submission. *See, e.g.*, *Wilde v. Westland Dev. Co.*, 2010-NMCA-085, ¶¶ 33-38, 148 N.M. 627, 241 P.3d 628 (holding that the district court did not abuse its discretion in denying a motion for reconsideration and in refusing to consider an affidavit presented in association therewith).

**{14}** Defendants ultimately suggest that the award of summary judgment should be overturned on grounds that it is premised on some procedural error or technicality, which is disfavored. [MIO 27] As previously described, that is not an accurate characterization of the basis for the disposition. We, therefore, conclude that summary judgment was properly awarded in this matter.

**{15}** Finally, Defendants renew their challenge to the district court's award of attorney fees and costs to Plaintiffs, associated with their response to Defendants' motion for

reconsideration. [MIO 29-35] Fundamentally, Defendants rely on the strength of the preceding arguments to support their contention that the motion was well-founded. For the reasons stated, we disagree. Moreover, we conclude that the district court did not abuse its discretion in determining that there was no good faith basis for the filing. [RP 1139-40] *See N.M. Right to Choose/NARAL v. Johnson*, 1999-NMSC-028, ¶ 18, 127 N.M. 654, 986 P.2d 450 (allowing an award of reasonable attorney fees to sanction bad faith conduct, pursuant to a court's inherent powers); *Landess v. Gardner Turf Grass, Inc.*, 2008-NMCA-159, ¶ 19, 145 N.M. 372, 198 P.3d 871 ("Courts have the inherent power, independent of statute or rule, to award attorney fees to vindicate their judicial authority and compensate the prevailing party for expenses incurred as a result of frivolous or vexatious litigation." (alteration, internal quotation marks, and citation omitted)).

**{16}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**{17} IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**